741 F.2d 73
 35 Fair Empl.Prac.Cas. 891,
35 Empl. Prac. Dec. P 34,612
Bolling C. POLLARD, Appellee,
v.
Vice Admiral E.A. GRINSTEAD, Director, Defense Logistics
Agency, Department of Defense, Appellant.
 No. 83-2074.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1984.
Decided Aug. 16, 1984.
 
 Barbara S. Woodall, Appellate Staff, Dept. of Justice, Civil Div., Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Elsie L. Munsell, U.S. Atty., Alexandria, Va., Robert S. Greenspan, Appellate Staff, Dept. of Justice, Civ. Div., Washington, D.C., on brief), for appellant.
 Eliot Norman, Richmond, Va. (Thompson & McMullan, Richmond, Va., on brief), for appellee.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Vice Admiral E.A. Grinstead, director of the Defense Logistics Agency, appeals the district court's judgment awarding Bolling C. Pollard back pay and retirement benefits. We reverse because this relief is barred by Title VII, 42 U.S.C. Sec. 2000e-5(g).
 
 
 2
 * In 1978, the agency promoted a white male to a foreman's position, passing over four white and five black applicants. Pollard and James Webb, black employees who sought the job, filed complaints with the Equal Employment Opportunity Commission challenging the selection. The commission held that the agency had discriminated against both Pollard and Webb because of their race. It also held that the agency failed to prove by clear and convincing evidence that the complainants would not have been promoted even if there had been no discrimination.[1]
 
 
 3
 The commission remanded the case to the agency to determine which of the two complainants would have been selected had there been no discrimination, and it ordered that the person chosen be awarded a retroactive promotion with back pay. On remand in 1982, after comparing Pollard's and Webb's qualifications, the agency chose Webb.
 
 
 4
 When Pollard was notified of this decision, he filed suit in district court under Title VII seeking a retroactive promotion and back pay as relief for the 1978 violation. He neither alleged nor proved that the 1982 selection process on remand was discriminatory. The district court held that the agency was required by Patterson v. Greenwood School Dist., 696 F.2d 293 (4th Cir.1982), to prove by clear and convincing evidence that Webb would have been selected over Pollard in 1978. After considering evidence about the qualifications of Webb and Pollard, the court ruled that the agency had failed to carry its burden of proving that Webb was the better applicant. Consequently, the court awarded Pollard back pay and an adjustment in retirement benefits.[2]
 
 II
 
 5
 Section 2000e-16(a) of Title 42 U.S.C. prohibits racial discrimination in federal employment, and subsection (b) empowers the commission to enforce this proscription through appropriate remedies with or without back pay. After exhausting administrative remedies, an employee may file a civil action in district court for de novo consideration of his complaint. 42 U.S.C. Sec. 2000e-16(c); Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). The district court is authorized to provide appropriate relief, with or without back pay. 42 U.S.C. Secs. 2000e-5(g) and 2000e-16(d). Appropriate relief must effectuate the purposes of Title VII. One of those purposes is "to make persons whole for the injuries suffered on account of unlawful employment discrimination." Albermarle Paper Co. v. Moody, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Back pay is usually--but not always--a component of appropriate relief. 422 U.S. at 415-16, 95 S.Ct. at 2370-71. Whether it should be allowed is not left to the unfettered discretion of the district court or the commission, for the power to award it must be exercised "in light of the large objectives of the Act." 422 U.S. at 416, 95 S.Ct. at 2371. Finally, Sec. 2000e-5(g) prohibits a court from granting relief if the employee was refused promotion for any reason other than discrimination. These principles govern our consideration of the agency's contention that the district court erred by awarding back pay and adjusted retirement benefits to Pollard.
 
 III
 
 6
 The relief ordered by the commission was appropriate for remedying discrimination against two or more applicants for a single job. Together with Webb, Pollard had been denied his statutory right to compete for the promotion free of discrimination. The commission's remedy afforded Pollard full redress for the wrong he had suffered. It provided him the right to compete without discrimination for a retroactive promotion and back pay. Thus, the commission's remedy effectuated the "make whole" purpose of Title VII. See Albemarle Paper Co., 422 U.S. at 418, 95 S.Ct. at 2372.
 
 
 7
 In the district court, the agency did not contest the administrative finding of racial discrimination in the 1978 selection of a foreman. Nor did it contest the administrative finding that it failed to prove that neither of the two complainants would have been promoted had there been no discrimination in 1978. For his part, Pollard did not complain that the agency discriminated when, on remand in 1982, it selected Webb as the better qualified applicant. Consequently, the district court did not need to conduct a de novo review of these issues.
 
 
 8
 Nor, in our view, was the district court required to conduct a de novo inquiry to determine whether the agency should have selected Pollard instead of Webb. Pollard was not entitled to de novo consideration of this question because he did not allege or prove that the agency discriminated against him when it reached the decision on remand in 1982 that Webb was better qualified. Pollard was refused promotion, in the words of the statute, for a "reason other than discrimination." The absence of discrimination when the agency weighed the qualifications of the two applicants bars relief. 42 U.S.C. Sec. 2000e-5(g); cf. De Volld v. Bailar, 568 F.2d 1162 (5th Cir.1978).
 
 
 9
 Pollard's reliance on Patterson v. Greenwood School Dist., 696 F.2d 293 (4th Cir.1982), is misplaced. Because Patterson involved discrimination against only one employee competing for a position, adjudication of the complaint required only two steps: finding whether the employee had been denied the right to compete for a promotion without discrimination; and if so, finding whether the employer proved by clear and convincing evidence that the employee would not have been promoted had there been no discrimination. 696 F.2d at 295.
 
 
 10
 Pollard's complaint had to proceed one step beyond Patterson because both Pollard and Webb were qualified for the only promotion at stake. The commission ordered a third step, which was unnecessary in Patterson, namely, an opportunity for them to compete without discrimination for the single retroactive promotion and back pay.
 
 
 11
 After the district court determined, through concession or otherwise, that the third step had been executed without discrimination, its inquiry should have ended. The court should not have canvassed the relative merits of Webb and Pollard. Evaluation of these competing candidates for retroactive promotion and back pay was the agency's function, providing it made the choice without regard to race. See 42 U.S.C. Sec. 2000e-5(g).
 
 
 12
 The judgment of the district court is reversed.
 
 
 
 [1]
 The commission's regulation, 29 C.F.R. Sec. 1613.271(b)(1) (1983), requires that the clear and convincing evidence standard be applied
 
 
 [2]
 Pollard had voluntarily retired from the Defense General Supply Center in December 1981. The award was therefore the equivalent of a retroactive promotion