**Billy M. CAMPBELL, Plaintiff,**

**v.**

**TENNESSEE VALLEY AUTHORITY, the Board of Directors of Tennessee Valley Authority and the Equal Employment Opportunity Commission, Defendants.**

**Civ. No. 1–83–565.**

United States District Court, E.D. Tennessee, S.D.

June 12, 1985.

Harry F. Burnette, Brown, Dobson, Burnette & Kesler, Wendell L. Payne, Chattanooga, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Thomas F. Fine, A. Jackson Woodall, Knoxville, Tenn, Thomas L. Gray, E.E.O.C., Washington, D.C., for defendants.

## MEMORANDUM

EDGAR, District Judge.

By way of a complaint for mandamus plaintiff seeks to compel defendant Tennessee Valley Authority (hereinafter "TVA") to comply with a decision issued by defendant Equal Employment Opportunity Commission (hereinafter "EEOC") in which the EEOC found that the plaintiff Billy M. Campbell was entitled to specific relief because TVA had discriminated against him because of his age. This Court has jurisdiction pursuant to 29 U.S.C. § 633a(c) and 28 U.S.C. § 1361. The essential facts are not in dispute. This action is presently before the Court for consideration of TVA's motion, on behalf of itself and its directors, for judgment on the pleadings; the EEOC's motion to dismiss, and plaintiff's motion for summary judgment.

This action concerns plaintiff's efforts to be promoted within TVA's Division of Power System Operations to the position of Transmission Systems Maintenance Specialist (Transmission Lines), SD–3. Plaintiff, who is employed by TVA as a maintenance lineman, learned of the opening for the position in June of 1978. After the position was announced, plaintiff and 21 other employees submitted formal applications for the position. The successful applicant for the position was Larry McPeake, a white male under age 40. At the time of his nonselection plaintiff, a white, was 48 years of age. Among the applicants that were not selected for the job was Walter Parks, a black, age 43. Subsequent to their nonselection both the plaintiff and Mr. Parks each timely filed administrative EEO complaints with TVA, alleging that their nonselection for the SD–3 position was based on age discrimination and race and age discrimination, respectively.

On August 25, 1979, an EEOC complaints examiner, after a hearing, recommended a finding that TVA had discriminated against plaintiff by reason of his age when it excluded him from further consideration for the position of Transmission System Maintenance Specialist, SD–3. One of the corrective actions recommended by the complaints examiner was that TVA reconduct the selection process for the position without the discrimination against the plaintiff which, according to the examiner, had been present in the previous selection process. In the alternative it was recommended that TVA offer plaintiff an equivalent position or some less desirable position satisfactory to plaintiff and for which the agency believed him qualified. Plaintiff's request for back pay was denied since plaintiff had not "demonstrated that he would have been awarded the Transmission System Maintenance Specialist position absent the agency's reliance on a factor having an age-discriminatory effect."

On December 26, 1979, a different EEOC complaints examiner [1] found that the decision not to select Mr. Parks for the position was influenced by both his race and age. This examiner recommended that Parks be retroactively promoted to the Transmission

---

1. It is obvious that the legal entanglement giving rise to this case could have been avoided had the complaint of plaintiff Campbell and that of Walter S. Parks been consolidated and heard by the same EEOC complaints examiner. It is unclear from the record whether TVA or the EEOC is responsible for the reference of the complaints to different complaints examiners. In the future it would seem that whichever agency is responsible should insure that in cases such as those involving promotions or layoffs where there might be multiple complaints, those complaints are handled in such a way as to eliminate inconsistency.

System Maintenance Specialist position or a similar one.

On January 22, 1980, TVA sent letters to both plaintiff and Walter Parks constituting the "final agency decision" stating that it had accepted the complaints examiners' findings regarding discrimination as to both plaintiff and Parks. TVA told both plaintiff and Parks that it was removing the successful applicant, Larry McPeake, from the job and repeating the selection process in a nondiscriminatory manner. On January 31, 1980, at the conclusion of the second selection process, Mr. Parks was chosen for the position and granted a retroactive promotion effective June 26, 1978. Mr. Parks currently holds the position at issue here. There is no allegation that the second selection process was in any way discriminatory.

Plaintiff appealed TVA's "final agency decision" to the Commissioners of the EEOC pursuant to 29 CFR § 1613.231. On June 9, 1982, the EEOC found that the EEOC complaints examiner, who had handled plaintiff's complaint, had committed two errors. First, the EEOC found that its complaints examiner improperly placed the burden on plaintiff to demonstrate that he would have been awarded the position absent the agency's reliance on a factor having an age-discriminatory effect. Second, the EEOC found that the reconvening of a selection panel after a finding of discrimination was not a remedy in accord with *Albemarle Paper Company v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), or the governing regulations. The EEOC stated: "To allow such to become an approved remedy other than under the most extraordinary of circumstances, would leave the door ajar allowing the potential for the entire process to be undermined and for innocent parties to be harmed in the process as has occurred in his case." On this basis the EEOC found that the relief afforded plaintiff by both its own complaints examiner and by TVA in its "final agency decision" was improper, and TVA's final agency decision was reversed. The EEOC ordered that plaintiff "be retroactively promoted to the date when the original selectee's selection took affect [*sic*] and he shall be entitled to other benefits as provided under 29 C.F.R. § 1613.-271(b)(1)."

On April 18, 1983, after TVA's request that the EEOC reopen plaintiff's case for further consideration was denied by the EEOC, TVA issued a supplemental decision in the form of a letter to the plaintiff regarding plaintiff's relief. In this decision, which is dated April 18, 1983, TVA's Director of Equal Opportunity Compliance found "that there is clear and convincing evidence that, although a discrimination existed at the time the selection was made, [plaintiff] would not have been selected even absent discrimination due to Mr. Parks' superior qualifications. The Director decided that because only one Transmission System Maintenance Specialist (Transmission Lines) position existed at TVA, plaintiff was entitled to priority consideration for the position in question but not back pay. Thus, TVA refused to comply with the decision rendered on appeal by the EEOC.

On October 4, 1983, plaintiff received a letter from the EEOC indicating that it would take no further action to enforce its decision. On November 2, 1983, plaintiff filed his complaint in this case seeking a writ of mandamus to compel TVA to comply with the June 9, 1982 EEOC decision, joining the EEOC as an "informational defendant."

It is plaintiff's position that he is entitled to a writ of mandamus because TVA has refused to comply with a valid order issued by the EEOC, in violation of Section § 633a(b) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* That section states in pertinent part:

The Civil Service Commission [now EEOC] shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section .... The head of each such department, agency or unit shall comply with such rules, regulations, orders, and instructions of

the Civil Service Commission [now EEOC] ....

Plaintiff argues that pursuant to this statute and the applicable regulation, 29 CFR § 1613.235(b), compliance with the EEOC order is mandatory and TVA has no discretion to decide whether or not to comply with the order. Plaintiff asserts that since TVA's statutory duty is mandatory, plaintiff is entitled to an order of mandamus requiring TVA to comply with the EEOC decision.

Defendant TVA counters the foregoing by asserting that plaintiff is not entitled to mandamus because the EEOC's order is contrary to law. The thrust of TVA's argument in this case is that there was only a single, unique job to be filled; and Parks and the plaintiff could not both occupy the same job. Since both men could not occupy the job, TVA argues that plaintiff was afforded complete relief when the selection panel was reconvened and plaintiff was allowed to compete for the position in the absence of discrimination.

■ Plaintiff seeks the issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361. That section provides:

The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff.

Mandamus is an extraordinary remedy which is available only when three elements are present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available. *Americana Healthcare Corporation v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir. 1982), *cert. denied* 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434. The exercise of the power of mandamus is a matter committed to the sound discretion of the trial court. *13th Regional Corp. v. United States Dept. of Interior*, 654 F.2d 758, 760 (D.C. Cir.1980). The Supreme Court has stated that mandamus is governed by equitable considerations and is to be granted only in the exercise of sound discretion. *Id.*, citing *Whitehouse v. Illinois Central Railroad Co.*, 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155 (1955). Thus, before a writ of mandamus will issue the Court must find that the arguments in favor of issuance of the writ are clear and compelling on both legal and equitable grounds. *13th Regional Corp. v. United States Dept. of Interior*, 654 F.2d at 760. After careful examination of the record and the briefs filed by all parties to this action, the Court concludes that a writ of mandamus should not issue.

In his brief plaintiff counsels that the matter before the Court is "extremely simple when kept in complete procedural prospective." While this may be true, the Court must do more than decide whether all of the procedural prerequisites have been met in determining whether to grant the extraordinary remedy of mandamus. The Court must determine whether the three elements necessary for the issuance of a writ of mandamus are present and then exercise its discretion in deciding whether mandamus will issue. Review of the record reveals that the first of the elements is not present, *i.e.*, there is not a clear right in the plaintiff to the relief sought.

In determining that there is not a clear right in the plaintiff to the relief sought, the Court is aware that the EEOC did issue an order granting plaintiff the relief he sought, and that 29 U.S.C. § 633a states, in effect, that the head of the TVA shall comply with such orders of the EEOC. The Court is of the opinion, however, that in determining the existence of a right in the plaintiff to the relief sought it is necessary to consider the validity of the basis upon which plaintiff premises his right. Thus, the Court must assess the propriety of the EEOC decision entered on June 9, 1982.

■ Upon review of the EEOC decision ordering that plaintiff be retroactively promoted and granted back pay and other benefits, the Court is convinced that the decision was erroneous. The purpose of

the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, is to make persons whole for injuries suffered as a result of unlawful employment discrimination. *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 922 (6th Cir.1984), *quoting Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1097 (8th Cir.1982). Thus, the relief granted for ADEA violations should attempt to make aggrieved individuals whole for injuries sustained as a result of unlawful employment practices and, should attempt to implement the ADEA's purpose of " 'recreating the circumstances that would have existed but for the illegal discrimination.' " *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 279 (8th Cir.1983), *quoting Gibson, supra*, 695 F.2d at 1097.

■ In the case at bar the remedy which was afforded plaintiff was to reconduct the selection procedure free of the taint of unlawful employment discrimination. It is the Court's opinion that this procedure fully remedied the injury the plaintiff had previously suffered. By reconducting the selection process the TVA "recreated the circumstances that would have existed but for the illegal discrimination." This remedy also served to make the plaintiff whole as it granted him that which he had been denied, *i.e.*, an opportunity to compete for the Transmission Systems Maintenance Specialist position in an environment free of unlawful discrimination.

To grant plaintiff the relief he requests would place him in position considerably better than the one would have occupied but for the unlawful discrimination. Plaintiff, as a TVA employee, was only entitled to have an equal opportunity to compete with other employees for the position at issue. That position is single and unique. It can be filled by only one person. Plaintiff was given an opportunity to compete for the position and he has not charged that he was discriminated against in any way during the conduct of the second round of selection proceedings. Since plaintiff has received the opportunity to compete with other employees on an equal footing for the position at issue, he has received all that he is entitled to. To hold otherwise would be to grant plaintiff relief in excess of that to which is entitled. This would not be in keeping with the intent of the Age Discrimination in Employment Act.

The Court's holding on the instant issue is supported by the decision of the Fourth Circuit in *Pollard v. Grinstead,* 741 F.2d 73 (4th Cir.1984). In that case, nine employees of the Defense Logistics Agency were seeking promotion to a foreman's position. Plaintiff and James Webb, black employees who sought the job, were not selected, and both filed complaints with the EEOC claiming that they had been discriminated against because of their race. The EEOC agreed, holding that the agency had discriminated against both the plaintiff and Webb on the basis of their race. The EEOC remanded the case to the agency and ordered that the agency determine which of the two complainants would have been selected had there been no discrimination, and that the person chosen be awarded retroactive promotion with back pay. On remand, the agency determined that Webb's qualifications were superior to the plaintiff's and chose Webb for the position. The plaintiff then filed suit under Title VII of the Civil Rights Act of 1964, §§ 701 *et seq.*, as amended, 42 U.S.C. §§ 2000e *et seq.*, seeking a retroactive promotion and back pay.

The district court held that the agency was required to prove by clear and convincing evidence that Webb would have been selected over the plaintiff at the time of the original job selection. The court then considered evidence regarding the qualifications of plaintiff and Webb and ruled that the agency had failed to prove that Webb was the better applicant. On this basis the Court awarded plaintiff the relief he sought.

In reversing the district court's decision the Fourth Circuit found that the relief ordered by the EEOC was proper under the circumstances. The court stated:

The relief ordered by the commission was appropriate for remedying discrimi-

nation against two or more applicants for a single job. Together with Webb, Pollard had been denied a statutory right to compete for the promotion free of discrimination. The commission's remedy afforded Pollard full redress for the wrong he had suffered. It provided him the right to compete without discrimination for a retroactive promotion and back pay. Thus, the commission's remedy effectuated the "make whole" purpose of Title VII. *See Albemarle Paper Company*, 422 U.S. at 418, 95 S.Ct. at 2372.

*Pollard*, 741 F.2d at 75. It is the Court's conclusion that the rationale set forth in *Pollard* applies with equal force to this ADEA case. Thus, the Court concludes that the remedy afforded plaintiff was full and complete.

Having found that remedy afforded plaintiff was fully adequate, the Court concludes that plaintiff has not established a clear right to the relief sought. Therefore, after considering both the legal and equitable principles applicable to the case at bar the Court exercises its discretion and holds that plaintiff is not entitled to a writ of mandamus. For the reasons stated above, TVA's motion for judgment on the pleadings (which the Court hereby treats as a motion for summary judgment) will be GRANTED; the EEOC's motion to dismiss (which the Court hereby treats as a motion for summary judgment) will be GRANTED; and plaintiff's motion for summary judgment will be DENIED. An appropriate order will enter.