James A. CARAWAY, Plaintiff,

v.

The POSTMASTER GENERAL OF the UNITED STATES, Defendant.

Civ. A. No. Y–86–3543.

United States District Court,
D. Maryland.

Feb. 4, 1988.

John Amato, IV., Baltimore, Md., for plaintiff.

Breckinridge L. Willcox, U.S. Atty., for the State of Md., and Thomas F. O'Neil, III, Asst. U.S. Atty., Baltimore, Md., of counsel, Robert L. Sawicki, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff James A. Caraway has sued the Postmaster General of the United States for sex and age discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). In his complaint, plaintiff asks this Court to remand this matter to the Equal Employment Opportunity Commission ("EEOC"), which has previously concluded that plaintiff was a victim of such discrimination, with specific instructions for the agency to provide plaintiff with more appropriate relief, including a retroactive promotion and corresponding backpay.

Plaintiff has filed a motion for summary judgment which argues that the Court must defer to the EEOC's findings of sex and age discrimination and instruct the agency to grant the applicable relief set forth in the regulations. Defendant has submitted a motion for summary judgment which maintains that plaintiff's civil action is untimely.

By order dated October 29, 1987, this Court granted defendant's motion for summary judgment for both the sex and age discrimination claims. Plaintiff now moves this Court to reconsider its decision regarding his age discrimination claim. After a thorough review of the record and the applicable law, the Court concludes that plaintiff's age discrimination claim, as well as the motions for summary judgment relating to this claim, deserve further review.

Thus, the Court grants plaintiff's motion for reconsideration.

### Background

Plaintiff, a fifty-eight year old male and veteran Claims and Inquiry Clerk with the United States Postal Service, applied for the position of Supervisory Examination Specialist in 1979. The Postal Service's Promotion Review Committee interviewed all of the applicants and recommended six candidates to defendant who selected the new specialist. The Promotion Review Committee did not recommend plaintiff. On August 24, 1979, defendant chose a twenty-nine year old female from the six finalists to fill the position. Plaintiff concluded that defendant's choice, a former secretary, was much less qualified for the job than he.

On January 26, 1980, plaintiff filed a formal complaint with defendant alleging sex and age discrimination. An EEOC Attorney–Examiner held a hearing and issued a Recommended Decision finding no discrimination on the basis of sex or age. Defendant adopted this recommendation in its final agency decision.

Plaintiff then appealed to the EEOC's Office of Review and Appeals (ORA), which reversed the final agency decision and entered a finding of both sex and age discrimination on February 6, 1985. The ORA ordered the following remedial action:

> In accordance with 29 C.F.R. § 1613.271(b)(2), the agency must give appellant [Caraway] priority consideration for promotion to next position of Supervisory Examination Specialist before consideration is given to other candidates. The record shows that other well-qualified candidates made application. Thus, it can be said that even absent discrimination, appellant may not have been selected.

The ORA warned plaintiff that he had "six years after the right of action first accrued" to file a civil action on his age discrimination claim.

Defendant requested the EEOC to reopen and reconsider the ORA's decision. On October 6, 1986, the EEOC denied de-

fendant's motion and affirmed the ORA's ruling. In its opinion, the EEOC provided the following contradictory comment in support of the ORA's decision to grant plaintiff priority consideration for promotion instead of a retroactive promotion and corresponding backpay:

In *Day v. Matthews* [*Mathews*], 530 F.2d 1083 (D.C.Cir.1976), the court held that an employee who has made an unrebutted *prima facie* case of discrimination should be awarded back pay and retroactive promotion unless the employer, by clear and convincing evidence, carries his burden of proving that even absent discrimination the employee still would not have been promoted. The holding of *Day v. Matthews* [*Mathews*], 530 F.2d 1083, does not apply in the instant case for three reasons. First, there was not clear and convincing evidence that appellant would not have been selected, even absent discrimination. The Commission merely noted that there were other well qualified applicants who could have been selected, and thus, appellant was not clearly the best qualified applicant. Second, the Commission did not award appellant back pay and the promotion, it merely awarded priority consideration. Thirdly, the fact that appellant was not entitled to back pay and the promotion does not mean that he was not entitled to any relief at all. Accordingly, the Commission finds that the previous Commission decision was proper.

Citing 29 U.S.C. § 633a(f) and 28 U.S.C. § 2401(a), the EEOC confirmed that plaintiff had "six years after the right of action first accrued" to file a civil action for age discrimination. Based on the contradictory language of the EEOC's ruling, plaintiff filed this civil action on November 21, 1986, requesting the Court to remand his claim to the EEOC with instructions to award him with a retroactive promotion and corresponding backpay.

### Defendant's Summary Judgment Motion

■ Defendant maintains that plaintiff's age discrimination claim is untimely. The ADEA does not provide a time period in which a federal employee must file an age discrimination claim in federal district court following receipt of the EEOC's final decision in his administrative claim. *See* 29 U.S.C. § 633a(f). However, defendant argues that the Court should apply the thirty day limitation period set forth in Title VII to plaintiff's ADEA claim.

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983), the United States Supreme Court provided:

As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit. In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to "borrow" the most suitable statute or other rule of timeliness from some other source.

The ADEA and Title VII "share a common purpose, the elimination of discrimination in the workplace." *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). For this reason, courts have consulted Title VII for assistance in interpreting analogous provisions of the ADEA. *See Lehman v. Nakshian*, 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703–04, 69 L.Ed.2d 548 (1981) (Following Title VII § 717, ADEA § 15 provides no right to trial by jury.); *Oscar Mayer*, 441 U.S. at 756, 99 S.Ct. at 2071 (ADEA § 14(b), like Title VII § 706(c), requires claimants to resort to administrative remedies in deferral States before bringing a federal civil action.); *Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) (As in a Title VII action, the only proper defendant in an ADEA suit is the head of the federal agency.); *Smith v. Office of Personnel Management*, 778 F.2d 258, 262 (5th Cir.1985) (Like Title VII, the ADEA does not allow recovery of compensatory damages.). Most recently, two courts have applied the thirty day limitation period set forth in Title VII to ADEA claims. *White v. Department of the Air Force*, No. CA-3-87-1452-R, slip op. at 2 (N.D.Tex. Oct. 14, 1987), *aff'd*, 835 F.2d 871 (Fed.Cir.1987); *Healy v. United States*

*Postal Service,* 677 F.Supp. 1284, 1289–1290, (E.D.N.Y.1987).

■ This Court agrees that the thirty day limitation period provided in Title VII is applicable to ADEA claims and will hold future age discrimination claimants to this time requirement. However, the Court will not apply the thirty day limitation period in this case because both the ORA and the EEOC informed plaintiff that he had "six years after the right of action first accrued" to file a civil action for age discrimination. It would be unjust to hold plaintiff accountable for the administrative agency's incorrect interpretation of the law.

■ Accordingly, the Court must determine whether plaintiff in fact filed this civil action as directed within "six years after the right of action first accrued" pursuant to 28 U.S.C. § 2401(a). The United States Supreme Court has held that a right of action first accrues under 28 U.S.C. § 2401(a) when administrative action is final. *Crown Coat Front Co. v. United States,* 386 U.S. 503, 522, 87 S.Ct. 1177, 1187, 18 L.Ed.2d 256 (1967). To hold otherwise would potentially deprive plaintiff of judicial review after protracted administrative proceedings and thus defeat the purpose of the statute. *Id.* at 514, 87 S.Ct. at 1183. In this case, plaintiff satisfied the statutory time requirement by filing his civil action approximately forty-six days after exhausting his administrative remedies. Accordingly, defendant's motion for summary judgment is denied.

*Plaintiff's Summary Judgment Motion*

When the EEOC denied defendant's motion to reopen and affirmed the ORA's decision to award plaintiff priority consideration for promotion, it provided: "[T]here was not clear and convincing evidence that appellant would not have been selected, even absent discrimination." The regulation concerning remedies for ADEA claims sets forth in pertinent part:

When an agency, or the Commission, finds that an employee of the agency

was discriminated against, the agency shall take remedial actions which shall include one or more of the following, but need not be limited to these actions:

(1) Retroactive promotion, with backpay computed in the same manner prescribed by 5 C.F.R. § 550.804, unless the record contains clear and convincing evidence that the employee would not have been promoted or employed at a higher grade, even absent discrimination.

29 C.F.R. § 1613.271(b).[1] Accordingly, plaintiff argues in his summary judgment motion that the Court must remand this case to the EEOC with instructions to award plaintiff a retroactive promotion and corresponding backpay.

Defendant cites *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), and *Rosenfeld v. Department of the Army,* 769 F.2d 237 (4th Cir.1985), for the proposition that this Court must conduct a *de novo* review of plaintiff's ADEA claim. In *Chandler,* 425 U.S. at 864, 96 S.Ct. at 1961, the United States Supreme Court provided that Title VII § 717(c) affords a federal employee the same right to a trial *de novo* in federal district court as a private-sector employee. The Fourth Circuit extended this federal employee right to a *de novo* trial enunciated in *Chandler* to ADEA claims in *Rosenfeld,* 769 F.2d at 241. However, *Chandler* and *Rosenfeld* involved plaintiffs who were denied relief by the administrative process. The courts in these cases spoke in terms of the right to *de novo* trial, as opposed to the requirement of *de novo* trial.

The Fourth Circuit addressed a more analogous factual situation in *Pollard v. Grinstead,* 741 F.2d 73 (4th Cir.1984). In *Pollard,* the EEOC held that the Defense Logistics Agency discriminated against two candidates for promotion on account of race. The Commission remanded the case for the agency to determine which of the two candidates would have received the promotion absent discrimination and to

---

**1.** Actually, the quoted provision, 29 C.F.R. § 1613.271(b) is drawn from the Title VII regulations. However, the ADEA regulations incorporate this provision. *See* 29 C.F.R. § 1613.511.

award that individual a retroactive promotion. The candidate who was not chosen by the agency for the promotion later filed a Title VII suit in district court seeking a retroactive promotion and corresponding backpay. After considering the evidence, the district court awarded the plaintiff back pay and an adjustment in retirement benefits. The agency appealed to the Fourth Circuit which reversed the district court because its inquiry should have ceased once it was satisfied that the agency had not discriminated against plaintiff whom it had not chosen for the award. Significantly, however, the Fourth Circuit provided that the district court did not need to conduct a *de novo* review of the Commission's original finding of discrimination. *Id.* at 75.

█ *Chandler* and *Rosenfeld* only provide that an aggrieved ADEA plaintiff has the right to a *de novo* trial in federal district court. These decisions do not require the district court to conduct a *de novo* trial when plaintiff has obtained an agency finding of discrimination. In fact, *Pollard* holds that the district court is not required to review *de novo* an agency's determination of employment discrimination against plaintiff. Accordingly, this Court may remand plaintiff's case to the EEOC for further action on its finding of age discrimination.

█ In his summary judgment motion, plaintiff requests this Court to remand his case to the EEOC with specific instructions to award him a retroactive promotion and corresponding backpay pursuant to 29 C.F.R. § 1613.271(b). Plaintiff bases his request on the contradictory language found in the EEOC's decision affirming the ORA's holding and award, namely "there was not clear and convincing evidence that appellant would not have been selected, even absent discrimination." This statement contradicts the ORA's determination that "other well-qualified candidates made application" and that "even absent discrimination, appellant may not have been selected."

In light of the inherent conflicts in the opinions by the EEOC and the ORA, this Court is not willing to provide specific instructions regarding the nature of plaintiff's relief. Accordingly, plaintiff's motion for summary judgment is denied. Nevertheless, the Court remands this action to the EEOC to determine the appropriate award for plaintiff for his age discrimination claim.

### ORDER

In accordance with the attached Memorandum, it is this day of February, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's motion for reconsideration regarding his ADEA claim BE, and the same IS, hereby GRANTED:

2. That plaintiff's motion for summary judgment concerning his ADEA claim BE, and the same IS, hereby DENIED;

3. That defendant's motion for summary judgment pertaining to plaintiff's ADEA claim BE, and the same IS, hereby DENIED;

4. That plaintiff's ADEA claim BE, and the same IS, hereby REMANDED to the EEOC for further proceedings pursuant to this Memorandum; and

5. That a copy of this Memorandum and Order be mailed to counsel for the respective parties.