896 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Sydney BURKE, Plaintiff-Appellant,
v.
Preston R. TISCH, Postmaster General, Defendant-Appellee.
 No. 87-1736.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 21, 1989.
Decided: Feb. 5, 1990.
Rehearing Denied March 14, 1990.
 
 Robert Sydney Burke, appellant pro se.
 Robert William Jaspen, Office of the United States Attorney; Robert Lewis Sawicki, United States Postal Service, for appellee.
 Before DONALD RUSSELL, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Sydney Burke appeals the district court's judgment in favor of the Postmaster General on Burke's claims of employment discrimination brought under Title VII and the Age Discrimination in Employment Act (ADEA). We affirm.
 
 
 2
 The district court dismissed the Title VII claims (race and retaliation) for failure to file suit within the 30-day limitation period provided by 42 U.S.C. Sec. 2000e-16(c). The court also adopted this 30-day filing period for the ADEA claim and found it time barred; with respect to the ADEA claim the court further noted that Burke had failed to present any evidence to support his contention that his claims arose because of his age.
 
 
 3
 Burke's Title VII claims are clearly time barred, final action having been taken by the EEOC on December 13, 1985, and this suit not having been instituted until March 19, 1987. Burke has presented no circumstances which would justify tolling the limitations period for his Title VII claims.
 
 
 4
 With respect to the ADEA claim, we note that Burke's right-to-sue notice advised him that he had six years to file this claim. Therefore, although the district court properly borrowed Title VII's 30-day limitation period as the most analogous period (the ADEA statute itself being silent as to any limitation period), the incorrect advice in the right-to-sue notice may provide grounds for tolling the limitation period. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Caraway v. Postmaster General, 678 F.Supp. 125, 128 (D.Md.1988). Assuming the period is tolled, and Burke's ADEA claim therefore timely, Burke has failed to provide any, let alone any substantial, basis for questioning the district court's alternate finding that he failed to present any evidence of age discrimination.
 
 
 5
 Accordingly, we affirm the dismissal of the Title VII claims as untimely filed and affirm the dismissal of the ADEA claim as without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.