**Edward STRAZDAS, Plaintiff,**

v.

**James A. BAKER, III, Secretary of the Treasury, Defendant.**

**No. 88 Civ. 1520 (MBM).**

United States District Court,
S.D. New York.

July 5, 1988.

Jose A. Rivera, P.C., Brooklyn, N.Y., for plaintiff.

Michael D. Pennisi, Asst. U.S. Atty., S.D. N.Y., New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

### I.

Plaintiff, Edward Strazdas, age 54, alleges that his employer, the United States Customs Service ("Customs"), discriminated against him by denying him a promotion because of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. § 633a. Defendant moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on the ground that the plaintiff's claim is barred by the applicable limitations period. The motion is granted.

### II.

Strazdas has worked at the United States Customs Service since 1964. In 1972 he was promoted to his present position, Criminal Investigator (GS–12). At all times relevant to this claim, Strazdas was stationed at the United States Customs Service Office of Investigations in Newark, New Jersey.

In February, 1984 Customs published an announcement inviting applications for the position of Senior Investigator (GS–13), a job which would have been a promotion for Strazdas. He applied for the position and made the best qualified list, on which he remained for one year. The announcement expired on or about March 5, 1985. The first applicant was selected on April 11, 1984. Strazdas was neither interviewed nor selected for the promotion. In his complaint, he alleges that six of the individuals selected were under the age of forty and were less qualified than he.

On May 13, 1985 Strazdas pursued his administrative remedy[1] by filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") seeking retroactive promotion as of April 11, 1984, the date on which the first selection was made. On April 9, 1987 the agency issued a proposed disposition stating that the complaint was not supported by the evidence and indicating its intention to dispose of the case with a finding of no discrimination. Strazdas took no further action, and on May 6, 1987 the agency issued its final decision denying his claim. On March 4, 1988 plaintiff filed this action.

### III.

For purposes of this motion the factual allegations in the complaint are taken as true, *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 554 (2d Cir.1977), and are construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed. 2d 404 (1969).

Defendant argues that Strazdas' claim is untimely. The ADEA does not provide the applicable statute of limitations period within which a federal employee can appeal a final decision by an administrative agency. However, defendant maintains that Title VII's thirty day period of limitations should apply.

The Supreme Court has set the course to follow when a federal statute does not provide a statutory limitations period:

> In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to "borrow" the most suitable statute or other rule of timeliness from some other source.

*DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). The statute most analogous to the ADEA is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. *Oscar Mayer & Co. v. Evans* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) ("the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace"); *E.E.O.C. v. Wyoming,* 460 U.S. 226, 229–233, 103 S.Ct. 1054, 1056–1059, 75 L.Ed.2d 18 (1983). Accordingly, "when a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently." *Romain v. Shear,* 799 F.2d 1416, 1418 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987) (citing *Oscar Mayer & Co., supra,* 441 U.S. at 756, 99 S.Ct. at 2071); *see also Lehman v. Nakshian,* 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981); *Ellis v. United States Postal Service,* 784 F.2d 835, 838 (7th Cir. 1986); *Smith v. Office of Personnel Management,* 778 F.2d 258, 262 (5th Cir. 1985).

Following this reasoning, the provision in Title VII requiring an employee or applicant to commence a civil action within thirty days of receipt of notice of final agency action, *see* 42 U.S.C. § 2000e–16(c), has been held to apply to ADEA claims. *Healy v. United States Postal Service,* 677 F.Supp. 1284, 1289–1290, (E.D.N.Y.1987); *Bornholdt v. United States Dep't of Treasury,* No. 87 Civ. 1062 (S.D.N.Y. May 9, 1988) [available on WESTLAW, 1988 WL 84170]; *Caraway v. Postmaster General of the United States,* 678 F.Supp. 125, 127–28 (D.Md.1988); *White v. Dep't of the Air*

---

1. Under the ADEA an individual can choose one of two alternative paths in seeking relief. He can either pursue his administrative remedy by filing a complaint with the EEOC and if denied relief commence a civil action, or he can sue

directly in federal court provided that he initiates the suit within 180 days from the alleged act of discrimination and files a notice of intent to sue with the EEOC at least thirty days prior to commencing suit. 29 U.S.C. § 633a.

*Force*, No. CA 3–87–1452–R (N.D.Tex. Oct. 14, 1987), *aff'd*, 835 F.2d 871 (Fed.Cir.1987); *Ramachandran v. United States*, 43 Fair Empl. Prac. Cas. (BNA) 1759 (C.D.Cal. 1987).

I find the reasoning of these cases persuasive. Accordingly, applying the 30–day limitation period I find that Stradzdas is barred from bringing his claim because this action was not commenced until March 4, 1988, ten months after he received notice of the adverse agency decision.[2]

Having determined that plaintiff's claim is time barred for the above reason I do not reach defendant's alternative argument that the complaint should be dismissed because it was not brought within two, or three, years after the alleged act of discrimination arose.[3] *See* 29 U.S.C. § 626(e).

SO ORDERED.

---

**2.** Attached to the agency letter notifying him that his complaint had been disposed of was a page titled "Appeal Rights" which stated in pertinent part:

> If you choose to file a civil action, and yours is a complaint of discrimination because of race, color, sex, religion, national origin, or handicap, you must file a civil action with the U.S. District court within 30 calendar days of the date of your receipt of this letter. This office does not have the authority to extend this time limit. If yours is a complaint of age discrimination, the aforementioned 30–day limit may not apply.

Defendant's Notice of Motion, May 3, 1988, Exhibit D. Notwithstanding the ambiguity of the last sentence Strazdas was on notice that he must act with dispatch and that the thirty day limit may apply.

**3.** The ADEA incorporates by reference the statutes of limitations specified in the Portal-to-Portal Act of 1947. 29 U.S.C. § 626(e). That Act provides a three year statute of limitations in cases of "willful" violations, and a two year statute of limitations for all other violations. 29 U.S.C. § 255(a).