Charles A. COLEMAN, Plaintiff,

v.

John M. NOLAN, General Manager/Postmaster New York Division United States Postal Service, Defendant.

No. 87 Civ. 4596 (JES).

United States District Court, S.D. New York.

Sept. 7, 1988.

Eugene Prosnitz, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty. for the S.D. New York, New York City, for defendant (Gabriel W. Gorenstein, Asst. U.S. Atty., of counsel).

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Charles A. Coleman brings this action pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, alleging that the United States Postal Service failed to promote him because of his race and his age. Defendant John M. Nolan, General Manager of the New York Division of the United States Postal Service, has moved pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss the complaint, alleging that the action is barred by the applicable statute of limitations. For the reasons that follow, the Court agrees that plaintiff's complaint must be dismissed.

## BACKGROUND

Plaintiff, an electronic technician with the Postal Service, applied for two pro-

motions in the autumn of 1983, both of which were denied. *See* Amended Complaint ("Am. Compl.") at ¶ 9; Statement of Findings and Recommended Decision of Attorney-Examiner Shapiro ("Recommended Decision"), Ex. 5 to Am.Compl., at 3–6. On March 26, 1984, plaintiff filed a formal complaint of discrimination with the Postal Service, claiming that the Postal Service had unlawfully denied him the promotions because of his race (black) and age (49). *See* Am.Compl., Ex. 3. After the Postal Service issued its proposed decision denying plaintiff's charges, plaintiff requested and was granted a hearing before an Equal Employment Opportunity Commission ("EEOC") Hearing Examiner. On May 1, 1985, the Hearing Examiner issued her decision, recommending a finding of age but not race discrimination with respect to one denied promotion and a finding of no discrimination with respect to the other denied promotion. *See* Recommended Decision at 13. On May 31, 1985, the Postal Service issued a final decision concurring in the Hearing Examiner's findings except for her finding of age discrimination. *See* Am. Compl., Ex. 4.

Plaintiff did not appeal the Postal Service's final decision regarding his race claim, but did appeal the final decision regarding his age claim to the EEOC's Office of Review and Appeals ("ORA"). In a decision dated March 3, 1987, the ORA affirmed the Postal Service's final decision finding no age discrimination. *See* Am. Compl., Ex. 7 at 5. Plaintiff received a copy of this decision on May 18, 1987, *see* Am.Compl. at ¶ 9, and filed his original complaint in this action on June 29, 1987.

Defendant contends that a thirty-day statute of limitations applies to both plaintiff's ADEA and Title VII claims and that therefore plaintiff's complaint was filed twelve days too late. Defendant also ar-

gues that even if the Court does not accept that contention, plaintiff's complaint is nevertheless barred because it was filed more than three years after the discriminatory acts complained of. Although the Court does not accept defendant's argument that a thirty-day limitations period applies to plaintiff's ADEA claim, the Court agrees that the action is time barred because the complaint was filed more than three years after the alleged acts of discrimination.

## DISCUSSION

■ At the outset, it should be noted that there can be no question that any Title VII claim based upon alleged race discrimination is clearly time barred, and plaintiff does not contend otherwise. Section 717(c) of Title VII, 42 U.S.C. § 2000e–16(c), specifically requires that a claim of federal employment discrimination be filed within thirty days after receipt of a final agency decision on an administrative complaint of race discrimination. Moreover, the final decision of the Postal Service, dated May 31, 1985, clearly notified plaintiff that the final agency decision on plaintiff's claims was a finding of no discrimination based on either race or age, *see* Am.Compl., Ex. 4 at 1, and that with regard to his race claim, plaintiff could either appeal to the ORA or file a civil action in the district court within thirty days of receipt of that final decision, *id.* at 2. Plaintiff, however, did neither. As plaintiff received the final agency decision regarding race discrimination no later than June 10, 1985, the date on which he appealed the agency's final decision regarding age discrimination to the ORA, his Title VII claim is untimely and must be dismissed. *See Brown v. General Services Admin.*, 507 F.2d 1300, 1306–07 (2d Cir. 1974), *aff'd on other grounds*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).[1]

---

1. Although plaintiff's form complaint contains an allegation that jurisdiction is "also based" on 42 U.S.C. § 1981, any such claim is clearly barred. As the Supreme Court noted in *Brown v. General Services Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), "a precisely drawn, detailed statute pre-empts more general remedies," and therefore, Title VII preempts

§ 1981 and provides the exclusive judicial remedy for claims of race discrimination in federal employment. *See id.*, at 834–35. Similarly, the ADEA has been held to be the exclusive remedy for claims of age discrimination in federal employment. *See Purtill v. Harris*, 658 F.2d 134, 137–38 (3d Cir.1981), *cert. denied sub nom. Purtill v. Heckler*, 462 U.S. 1131, 103 S.Ct. 3110, 77

■ Defendant also argues that the thirty-day limitations period of 42 U.S.C. § 2000e–16(c) applicable to claims of race discrimination should be applied to plaintiff's ADEA action because the provisions of the ADEA applicable to age discrimination in federal employment were patterned after and share a common purpose with the anti-discrimination provisions of Title VII applicable to federal employment, and in support of its argument defendant cites several cases that have applied the thirty-day time limit to ADEA claims by federal employees. *See, e.g., Ramachandran v. United States Postal Service,* 43 Fair Empl.Prac.Cases (BNA) 1759, 1760 (C.D. Cal.1987), *aff'd,* 848 F.2d 1243 (9th Cir. 1988); *Healy v. United States Postal Service,* 677 F.Supp. 1284, 1289–90 (E.D.N.Y. 1987). However, since the cases cited ignore essential differences between the structures of the two statutes and are inconsistent with the remedial purposes of the ADEA, the Court rejects this argument.

Unlike Title VII, which requires an aggrieved federal employee to initiate administrative remedies, *see* 42 U.S.C. § 2000e–16(c), the ADEA allows a federal employee either to initiate administrative remedies or to file suit in federal court after filing a notice of intent to sue, *see* 29 U.S.C. § 633a(b) & (d). Moreover, unlike section 2000e–16(c), which specifically provides that a plaintiff must exhaust administrative remedies unless certain exceptions are applicable, section 633a(c) does not require a plaintiff who initiates administrative remedies to exhaust those remedies before bringing suit in federal court.[2] Most importantly, section 2000e–16(c) clearly sets forth a thirty-day limitations period beginning with receipt of notice of final agency action, while section 633a is silent as to the period in which a plaintiff who first pursued administrative remedies must commence a civil action. Moreover, under Title VII the applicable regulations require that an agency must notify an employee or applicant of the thirty-day time limit for the filing of a Title VII civil action after final agency action. *See* 29 C.F.R. § 1613.282. However, this provision is expressly made inapplicable to age discrimination complaints filed by federal employees. *See id.* at § 1613.514.

In light of these differences between the two statutory schemes and the absence of any clear congressional intent to apply a thirty-day limitations period to section 633a actions when administrative remedies are pursued, the Court cannot accept the defendant's invitation to apply the statute of limitations found in section 2000e–16(c) to a federal employee's ADEA claim filed after administrative proceedings have terminated. Where, as here, a statute is remedial in nature, it would be inconsistent with those broad remedial purposes to apply so short a statute of limitations in the absence of manifest congressional intent. This is especially true since Congress specifically manifested that intent in Title VII but did not do so with respect to age discrimination claims.

Moreover, as noted above, unlike Title VII where clear and unequivocal notice of the thirty-day period is required by the regulations, no such notice is required with respect to age discrimination claims. Thus, in this case, the notice which plaintiff received, while unequivocal with respect to the race discrimination claim, was decidedly less so with respect to the ADEA claim. *See* Am.Compl., Ex. 4 at 2 (final decision of Postal Service providing civil action pertaining to age claim may be filed "within the time allowed by the appropriate statute of limitations"); *id.,* Ex. 7 at 7 (ORA decision stating plaintiff "*MAY* have up to six years after the right of action first accrued in which to file a civil action" (emphasis and capitalization in original)).

In sum, this Court will not ascribe to Congress the intent to set such a trap for

---

L.Ed.2d 1365 (1983); *Paterson v. Weinberger,* 644 F.2d 521, 524–25 (5th Cir.1981).

**2.** Although several courts have held that an ADEA plaintiff who commences administrative remedies must exhaust them, the Court agrees with the Sixth Circuit, which held in *Langford v. U.S. Army Corps,* 839 F.2d 1192 (6th Cir.1988), that no such exhaustion is required. *See id.* at 1193–95.

the unwary with respect to legislation remedial in nature by permitting a plaintiff to pursue either civil or administrative remedies, but subjecting that plaintiff to a thirty-day limitations period where administrative remedies are pursued even though the statute does not set forth this limitation, the agency is not required to give notice to that effect, and indeed the agency has given notice that would lead a plaintiff to reasonably conclude that the thirty-day notice period does not apply to an ADEA claim.

■■■ Nevertheless, the Court is constrained to accept defendant's contention that regardless of the merits of the thirty-day limitations argument, the claim is still time barred. The Court cannot accept plaintiff's argument that the six-year limitations period found in 28 U.S.C. § 2401(a) is applicable. The Supreme Court has made it clear that in a situation such as this where a federal statute which is the basis of an action contains no limitations period, the court must borrow a limitations period from a statute that provides a close analogy to the subject matter of the statute at issue. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171–72, 103 S.Ct. 2281, 2294–95, 76 L.Ed.2d 476 (1983). This is especially true since with regard to borrowing state statutes of limitation for purposes of fixing the time period in which section 1983 claims may be brought, the Supreme Court has also held

that the statute most analogous to the conduct at issue should be applied rather than a general catch-all provision. *See Wilson v. Garcia,* 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985). It would indeed be anomolous to hold, therefore, that a federal catch-all provision governs with respect to ADEA claims when there are available other relevant statutory provisions more specifically geared to the claim brought.[3]

Thus, the Court concludes that it should apply either the three-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1981, *see Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47 (2d Cir.1978), or the two or three-year period for ADEA actions against private employers, *see* 29 U.S.C. § 626(e)(1) (incorporating by reference 29 U.S.C. § 255); *Russo v. Trifari, Krussman & Fishel, Inc.,* 837 F.2d 40, 43 (2d Cir.1988); *see also Wiersema v. Tennessee Valley Authority,* 648 F.Supp. 66, 68 (E.D.Tenn.1986) (holding two and three-year periods of § 626(e) applicable to ADEA actions by federal employees). If either of these limitations periods is applied, it is clear that the plaintiff's complaint, filed on June 29, 1987, is untimely and must be dismissed. As noted above, the complaint is based on conduct that occurred in 1983 and plaintiff was clearly aware of that conduct no later than March 16, 1984, when he filed his formal complaint with the Postal Service.[4]

**3.** Moreover, § 2401 was originally enacted as part of the codification of the judicial code at 28 U.S.C. and merely combined two pre-existing limitations periods for actions against the United States as an entity. *Stevens v. Tennessee Valley Authority,* 712 F.2d 1047, 1051 (6th Cir. 1983). Since the subsection of § 2401 that plaintiff seeks to invoke here derives from the provisions of the Tucker Act, which was designed primarily for contract actions and provides a "comprehensive system" for commencing actions against the United States as an entity, *id.,* it is questionable whether that provision is even applicable to an age discrimination action brought against an agency of the United States.

**4.** In response to defendant's assertion that the thirty-day limitations period of § 2000e–16(c) is applicable to plaintiff's ADEA claims, plaintiff initially argued that that period should be tolled because of certain representations allegedly

made to plaintiff by a clerk in the Pro Se Office and by the mailings discussed above which plaintiff received. While plaintiff has not pressed these arguments in view of the Court's indication at Oral Argument that it would not apply a thirty-day limitations period, those arguments are without merit. The statement allegedly made by the Pro Se Clerk on or around June 12, 1987 to the effect that plaintiff had until the end of July to file his complaint cannot be imputed to the defendant, and in any event was made after the three-year limitation period had already run. The statements contained in the mailings received by plaintiff, although equivocal in nature, do not rise to the level of affirmative misconduct which may permit estoppel against the government. *See Schweiker v. Hansen,* 450 U.S. 785, 788–89, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981); *Long Island Radio Co. v. NLRB,* 841 F.2d 474, 477–78 (2d Cir.1988). Moreover, plaintiff has failed to

## CONCLUSION

For the reasons set forth above, the Court concludes that plaintiff's complaint is untimely and that defendant's motion to dismiss the complaint must therefore be granted. The Clerk of Court is directed to enter judgment accordingly and to close the above-captioned action.

It is SO ORDERED.

demonstrate that he relied on these statements    in determining when to file his complaint.