Stanley J. LAVERY, Plaintiff,

v.

John O. MARSH, Jr., Secretary of the Army, Defendant.

Civ. A. No. 89–1471–K.

United States District Court,
D. Massachusetts.

Dec. 28, 1989.

Ernest C. Hadley, Wareham, Mass., for plaintiff.

Wayne Budd, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Plaintiff is a Contract Cost and Price Analyst, GS–12, with the United States Army Materials Technology Laboratory ("MTL"). In August 1984, MTL solicited applications for the position of Procurement Officer, GM–13. Plaintiff, who was 59–years–old at the time, applied for the position, but in November 1984, MTL instead selected a 38–year–old who, plaintiff asserts, was less qualified. Plaintiff alleges that his nonselection was on account of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., as amended.

Now before the court is defendant's Motion to Dismiss (Docket No. 3, dated and filed October 2, 1989). Defendant argues that this court lacks subject matter jurisdiction over the suit, Fed.R.Civ.P. 12(b)(1), and alternatively, that plaintiff has failed to state a cause of action, Fed.R.Civ.P. 12(b)(6), because plaintiff failed to file suit within thirty days of receiving notice of the

final administrative action. Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss (Docket No. 4, dated and filed October 2, 1989). Plaintiff, in contrast, asserts that this cause of action is governed by a six-year statute of limitation, that he filed suit within six years, and that, even if the appropriate limitation period is thirty days from the receipt of final administrative decision, the limitation period is not jurisdictional and should be equitably tolled in this case. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Docket No. 6, dated and filed October 20, 1989) (hereinafter "Plaintiff's Memorandum").

## I. Introduction

The ADEA, which is designed to eradicate arbitrary employment discrimination on account of age, 29 U.S.C. § 621(b), had its origins in Title VII of the Civil Rights Act of 1964. During the 1964 floor debate over the bill that was to become Title VII, both the House of Representatives and the Senate considered amendments to the bill that would have barred employment discrimination on the basis of age as well as on the basis of race, color, religion, sex, and national origin. The amendments with regard to age-discrimination were ultimately rejected, in part because Congress did not yet have enough information to make a considered judgment about the nature of age-discrimination. Congress did, however, direct the Secretary of Labor to "make a full and complete study of the factors which might tend to result in discrimination in employment because of age and the consequences of such discrimination on the economy and individuals affected," and subsequently undertook its own study as well. *Equal Employment Opportunity Commission v. Wyoming*, 460 U.S. 226, 229–31, 103 S.Ct. 1054, 1056–57, 75 L.Ed.2d 18 (1983). Three years later, in 1967, Congress passed, and the President signed, the ADEA, many provisions of which paralleled provisions in Title VII. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1977); *Lehman v. Nakshian*, 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981). As passed, the ADEA

prohibited only private employers from discriminating on account of age, but in 1974, Congress amended the ADEA to extend its protections to federal employees. 29 U.S.C. § 633a.

As this court has noted before, federal employees have a choice of procedures for advancing complaints of age-discrimination:

> Under 29 U.S.C. § 633a, a federal employee with a complaint of age discrimination may proceed either by filing a civil action in a federal district court after having given the EEOC [Equal Employment Opportunity Commission] at least thirty days notice of his or her intent to sue, 29 U.S.C. § 633a(c), § 633a(d), or by filing a complaint with the EEOC, 29 U.S.C. § 633a(b). An employee who has chosen the second alternative still has recourse to a civil action, although the statute does not specify at what stage or after what time he or she may file in district court.

*Taylor v. Marsh*, 624 F.Supp. 1042, 1042–43 (D.Mass.1985); *see also Castro v. United States*, 775 F.2d 399, 403 (1st Cir.1985).

In December 1984, plaintiff elected to pursue his claim through administrative channels, thereby beginning what would eventually be over four years of administrative review. Plaintiff's administrative odyssey ended on March 3, 1989 when, after having already entered a finding of no discrimination, the EEOC denied plaintiff's request to reopen and reconsider its prior decision, entered a final, nonappealable decision of no discrimination, and provided to the plaintiff the following "Statement of Appellant's ... Right to File a Civil Action":

> You are hereby notified that there is no further right of appeal from a decision of the Commission on a Request to Reopen. You have the right to file a civil action in an appropriate United States District Court *WITHIN THIRTY (30) DAYS* of the date that you receive this decision. As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), you *MAY* have up to six years after the right of action first accrued in which to file a civil action. *See*

*Lehman v. Nakshian,* 453 U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401(a)....  Denial of Request to Reopen at 4, reproduced at Plaintiff's Memorandum, ex. 3 (capitalization and emphasis in original) (hereinafter "Statement of Right to File a Civil Action").

On July 7, 1989, 126 days after the denial of the request to reopen, and about four-and-a-half-years after the alleged discriminatory nonselection, plaintiff commenced the instant action, asserting jurisdiction in this court by virtue of 29 U.S.C. § 633a and 28 U.S.C. § 2401(a) (catch-all six-year statute of limitation for nontort civil actions against the government).  *Cf.* Statement of Right to File a Civil Action (citing 28 U.S.C. § 2401(a)).  Whether § 633a is governed by a six-year statute of limitation as plaintiff maintains, a jurisdictional period of thirty days from the receipt of the EEOC's final decision as defendant contends, or some other limitation period, is an issue of first impression in this Circuit.

## II. Limitation Period

The usual limitation period for the ADEA, codified at 29 U.S.C. § 626(e)(1) (incorporating 29 U.S.C. § 255) is two years from when the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  Section 633a, however, provides that actions brought under that section "shall not be subject to, or affected by, any provision of this chapter other than the provisions of section 631(b) [which establishes an age limit of 40 years for § 633a actions] and the provisions of this section."  29 U.S.C. § 633a(f).  The statute of limitation contained in § 626(e)(1) is thus plainly inapplicable to this case.  *But see Wiersema v. Tennessee Valley Authority,* 648 F.Supp. 66, 68, *reconsideration denied,* 1986 WL 15454, 41 Empl.Prac.Dec. ¶ 36,519 (E.D.Tenn.1986) ("despite the literal wording of § 633a(f), the two-year and three-year statutes of limitation under § 626(e) apply to ADEA actions by federal employees").

■ Both parties agree that this absence of a specified statute of limitation does not mean that the action is never time-barred:

As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit.  In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all.

*DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983).  Not surprisingly, however, the parties differ on how the court should fill this gap.

Plaintiff, no doubt influenced by the Statement of Right to File a Civil Action's citation to 28 U.S.C. § 2401(a), argues that

Congress has spoken clearly and unequivocally: "[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues...."  28 U.S.C. 2401(a).  Mr. Lavery maintains that in the absence of an expressed statute of limitations with the ADEA, or any clear guidance from the legislative history to the contrary, that Congress has provided a general statute of limitations for all actions against the United States which is applicable to this case.

Plaintiff's Memorandum at 4.  If plaintiff's contention is correct—if the applicable statute of limitation is six years—then plaintiff's action, brought less than five years after the time of the alleged discriminatory nonselection, is not time-barred.

Citing *DelCostello,* defendant argues that the catch-all six-year statute of limitation is not applicable, and that the court should "borrow" a limitation period from some other source.  462 U.S. at 158, 161, 103 S.Ct. at 2287, 2289 (where "there is no federal statute of limitations expressly applicable ... our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source"; holding that, although courts typically borrow from a related state law, it is more appropriate in some cases to borrow from a related federal law).  This general preference for "bor-

rowing," the Court noted, is "a sort of fallback rule of thumb":

> it rests on the assumption that, absent some sound reason to do otherwise, Congress would likely intend that the courts follow their previous practice of borrowing state provisions.... Justice Stewart pointed out in [*United Parcel Service, Inc. v.*] *Mitchell* [451 U.S. 56, 68 n. 4, 101 S.Ct. 1559, 1564 n. 4, 67 L.Ed.2d 732 (opinion concurring in judgment) (1981)] that this line of reasoning makes more sense as applied to a cause of action expressly created by Congress than as applied to one found by the courts to be implied in a general statutory scheme— especially when that general statutory scheme itself contains a federal statute of limitations for a related but separate form of relief.

*Id.* at 158–59 n. 12, 103 S.Ct. 2287 n. 12.

Section 633a is silent on whether the court should use the catch-all six-year statute of limitation or borrow a statute of limitation from some other source. As is ordinarily appropriate with regard to questions of statutory construction, when the language of the statute is not explicit, the court should look to any implicit manifestations of legislative intent for guidance. *Cf. Bornholdt v. Brady,* 869 F.2d 57, 64 (2d Cir.1989) (in § 633a case, court must "apply the limitations period [the court] believe[s] Congress intended"). Because § 633a is part of a broader statutory scheme to eradicate age and other forms of employment discrimination in society, the manifestations of legislative intent with regard to the ADEA, Title VII, and the Civil Service Reform Act of 1978 (discussed *infra*) are relevant to this inquiry in addition to the manifestations of legislative intent with regard to § 633a.

Section 633a(d), the starting point for this inquiry, allows a claimant to forego an administrative remedy and instead proceed directly to district court. A claimant who elects this option may file a civil action, but is not given six years within which to contemplate suit. Rather, the claimant must file a notice of intent to sue with the EEOC within 180 days of the alleged unlawful conduct. This short limitation period for suits against the government is evidence, albeit weak, that § 633a does not manifest, either expressly or impliedly, an intent to give claimants who are denied administrative relief six years within which to file their action. Rather, the 180–day notice provision evidences a purpose to require that age-discrimination claims against the government be resolved expeditiously.

An analysis of the ADEA provisions for private employees also supports the conclusion that the six-year catch-all statute of limitation does not apply in this case. Under the ADEA, actions for age-discrimination against private employers must be brought within two years, or in the case of willful violations of the act, three years. 29 U.S.C. § 626(e)(1). No reason has been advanced for thinking that Congress would provide for a longer limitation period for actions against the sovereign than for actions against private parties. Indeed, in cases where Congress has waived sovereign immunity, as it has done in § 633a, the courts must narrowly construe that waiver:

> [T]he United States, a sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. Thus, if Congress waives the Government's immunity from suit, as it has in the ADEA, the plaintiff has a right to trial by jury only where that right is one of the terms of [the Government's] consent to be sued. Like a waiver of immunity itself, which must be unequivocally expressed, this Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.

*Nakshian,* 453 U.S. at 160–61, 101 S.Ct. at 2701 (citations and quotation marks omitted). Of course, *Nakshian,* which was also an ADEA case, involved the right to jury trial in the context of a waiver of sovereign immunity. Nevertheless, the reasoning of that case is equally appropriate to the issue here. Thus, where the sovereign waives immunity, the "limitations and conditions upon which the Government consents to be

sued," including the limitation period within which suit must be filed, "must be strictly observed and exceptions thereto are not to be implied." *Id.* at 161, 101 S.Ct. at 2702; *see also United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986) ("[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity").

An analysis of other federal anti-discrimination statutes yields a similar pattern. As noted above, the ADEA grew out of Title VII of the Civil Rights Act of 1964. Under Title VII, as under the ADEA, a federal employee may seek administrative relief for discriminatory conduct through the EEOC. If the EEOC denies a claimant's request for relief, the claimant may then file a civil action, but Title VII requires that the claimant do so within thirty days of receipt of the final decision by the EEOC. 42 U.S.C. § 2000e–16(c). If plaintiff's contention is correct—if his ADEA action is governed by the catch-all six-year statute of limitation—then age-discrimination victims are afforded greater protection than victims of discrimination on account of race, color, religion, sex, or national origin. The court cannot ascribe to the statute, without explicit direction, a meaning that treats victims of employment discrimination so differently.

The Civil Service Reform Act of 1978 ("CSRA") provides an identical thirty-days-from-final-decision limitation period. Under the CSRA, a federal employee who has been discriminated against on account of age, or on account of some other specified characteristic, and who has been subject to a major adverse personnel action—that is, removal, suspension for fourteen days or more, reduction in grade or pay, or furlough of 30 days or less—may seek relief from the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7512. If the MSPB finds no discrimination, then, as under Title VII, the claimant may file a civil action, but must do so within thirty days of receipt of the MSPB's final decision. 5 U.S.C. § 7703(b)(2). It does not make sense to impose a thirty-day limit for the filing of civil actions following an administrative decision of no age-discrimination in major adverse personnel actions but to allow, as plaintiff suggests, up to six years for the filing of civil actions in cases of less severe adverse personnel actions such as nonselection for promotion.

For the foregoing reasons, I conclude that the statute does not grant claimants six years within which to file ADEA suits against the government. Rather, the combined framework of § 633a, of the ADEA as a whole, of Title VII, and of the CSRA, manifests a legislative intent to provide a remedy for age-discrimination by the government, but to require that the remedy be pursued promptly. The catch-all six-year statute of limitation of 28 U.S.C. § 2401(a) is thus inapplicable.

In these circumstances, the court must "borrow" a statute of limitation from some other source. *DelCostello,* 462 U.S. at 161, 103 S.Ct. at 2289. I conclude that it is more appropriate to borrow a statute of limitation from a federal source than from a state source because, with § 633a, "Congress deliberately prescribed a distinct statutory scheme applicable only to the federal sector." *Nakshian,* 453 U.S. at 166, 101 S.Ct. at 2704. Also, borrowing from a state source would vitiate the goals, as manifested in the ADEA, Title VII, and the CSRA, of national uniformity and equal treatment for federal employees victimized by employment discrimination.

> In some circumstances, ... state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law.

> "[T]he Court has not mechanically applied a state statute of limitations simply because a limitations period is absent from a federal statute. State *legislatures* do not devise *their limitations* periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere *with* the implementation of *national policies*.

'Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide.' " *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 367 [97 S.Ct. 2447, 2455, 53 L.Ed.2d 402] (1977), quoting *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975)....

[Thus,] when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*DelCostello,* 462 U.S. at 161, 172, 103 S.Ct. at 2289, 2294.

■ Looking to federal law for a close analogy, I conclude that the court should borrow the limitation period from Title VII and from the CSRA—that § 633a claimants must file their civil actions within thirty days of receipt of the EEOC's final decision. This method of borrowing is the only one that gives victims of age-discrimination the same protections as victims of other forms of discrimination, and gives federal employees subjected to major adverse personnel actions at least as much protection as is given to federal employees subjected to less severe adverse personnel actions. This is the conclusion, also, of the majority of courts that have considered analogous issues. That is, in general, in analogous contexts, courts have concluded that they should borrow the thirty-day limitation period from Title VII. *Matthews v. United States Postal Service,* 1989 WL 14684, 49 Fair Empl.Prac.Cas. (BNA) 311, 314 n. 5 (N.D.N.Y.1989); *Strazdas v. Baker,* 689 F.Supp. 310, 311 (S.D.N.Y.1988); *Caraway v. Postmaster General,* 678 F.Supp. 125, 128 (D.Md.1988); *Healy v. United States Postal Service,* 677 F.Supp. 1284, 1289 (E.D.N.Y.1987); *Ramachandran v. United States Postal Service,* 1987 WL 47762, 43 Fair Empl.Prac.Cas. (BNA) 1759, 1760 (C.D.Cal.1987), *aff'd,* 848 F.2d 1243 (9th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1538, 103 L.Ed.2d 843 (1989); *White*

*v. Department of the Air Force,* 1987 WL 54490, 49 Fair Empl.Prac.Cas. (BNA) 1038, 1038–39 (N.D.Tex.1987); *see also Oscar Mayer & Co.,* 441 U.S. at 756, 99 S.Ct. at 2071 ("the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace"); *EEOC v. Wyoming,* 460 U.S. at 229–33, 103 S.Ct. at 1056–58; *Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (under ADEA, as under Title VII § 717, no right to jury trial); *Romain v. Shear,* 799 F.2d 1416, 1418 (9th Cir.1986), *cert. denied,* 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987) ("when a provision of the ADEA can be traced to a complementary section of Title VII, the two should be construed consistently").

Plaintiff cites two cases in which courts have rejected the majority view of borrowing the thirty-day limitation period from Title VII—*Bornholdt, supra,* 869 F.2d 57 (2d Cir.1989), and *Coleman v. Nolan,* 693 F.Supp. 1544 (S.D.N.Y.1988). Also, since plaintiff filed his Memorandum, the Ninth Circuit has announced its agreement with the Second Circuit's decision in *Bornholdt. Lubniewski v. Lehman,* 891 F.2d 216 (9th Cir.1989) (hereinafter *Lubniewski II* ), *aff'g in part and rev'g in part, Lubniewski v. Department of the Navy,* 682 F.Supp. 462 (N.D.Cal.1988) (hereinafter *Lubniewski I* ). I conclude, for the reasons stated below, that it is likely that the First Circuit will take the majority view.

The Second Circuit's rejection of the analogy to Title VII in *Bornholdt* was based in large part on that court's reading of the legislative history. The court considered it significant that an early draft of § 633a contained a thirty-day limitation period, virtually identical to the one in Title VII, 42 U.S.C. § 2000e–16(c), and that the thirty-day limitation provision was dropped from the bill when it was reported out of the Senate committee:

Congress's deletion of a provision virtually identical to the one we would otherwise think the most appropriate to borrow cannot be lightly disregarded.... We think the history strongly suggests that a 30–day limitation on age-discrimi-

nation claims is not what Congress intended.

869 F.2d at 66 (this determination was only *dicta*, however, because the court "decline[d] to determine precisely what statute of limitations applies to [plaintiff's] age-discrimination claim," instead resolving the dispute by ruling that the claim was not time-barred because the action related-back to an earlier action filed by the plaintiff, 869 F.2d at 67). The Ninth Circuit, too, considered this deletion significant, and based its decision on this interpretation of the legislative history as well. *Lubniewski II*, 891 F.2d at 220.

In the legislative history, however, the absence of this provision from the later bill (its "deletion") is unexplained:

> The committee report that accompanied [the bill], though noting that the ADEA "amendment is similar to a proposal first introduced by Senator Bentsen" [that contained the thirty-day limit], was silent as to the reason for the elimination of the limitations period.

*Bornholdt*, 869 F.2d at 66. Had Congress debated and rejected a thirty-day limitation period, a court might attach significance to the absence of the provision from the final bill. *Cf. Nakshian*, 453 U.S. at 167 n. 16, 101 S.Ct. at 2705 n. 16 (Senate debated and rejected amendment that would have conferred statutory right to jury trial in Title VII cases). Here, however, there is no legislative record of debate or vote on the limitation provision; there is no explanation in the legislative history as to why the thirty-day limitation period was eliminated. The silence of legislative history in this respect leaves no manifestation of legislative intent.

For similar reasons, I conclude that the First Circuit is unlikely to be persuaded by the holding in *Lubniewski II* that the six-year catch-all statute of limitation should apply to § 633a claims. 891 F.2d at 221. As noted in more detail above, no reason is apparent for granting federal employees who suffered non-major adverse personnel actions on account of age-discrimination a longer statute of limitation than (1) those federal employees subjected to major adverse personnel actions, (2) those federal employees subject to other types of employment discrimination (*i.e.*, on the basis of race, color, religion, sex, or national origin), and (3) those private employees subjected to age- or other types of employment discrimination.

I also conclude that the First Circuit is unlikely to be persuaded by *Coleman*. In that case, the court rejected the majority view of "borrowing" Title VII's thirty-day limitation period because a thirty-day limitation period would be "inconsistent with the remedial purposes of the ADEA," and because of the "essential differences between the structures of" § 633a and Title VII. 693 F.Supp. at 1547. These arguments for rejecting the majority view are unpersuasive. First, a thirty-day limitation period is not inconsistent with the broad remedial purposes of the ADEA; indeed, the same limitation period applies to Title VII claims of employment discrimination on account of non-age characteristics, and to CSRA claims of major adverse personnel actions taken on account of age-discrimination. Second, as discussed below, Title VII is quite similar to, not essentially different from, § 633a in the respects relevant to the issue at bar.

*Coleman* articulated four "essential differences" between § 633a and Title VII. First, the court noted, the ADEA allows a federal employee to elect either to initiate administrative review or to file suit, whereas Title VII requires a claimant to first seek administrative remedies. This is a difference without significant weight in the context of the present case, however, because the issue with regard to the limitation period of § 633a only arises when a federal employee has already elected to proceed with administrative remedies under ADEA. Once a federal employee has made that election, then the procedures of Title VII and § 633a are similar in this respect.

Second, Title VII requires a plaintiff to exhaust all administrative remedies before seeking judicial review. In contrast, the *Coleman* opinion observed in *dicta*, the ADEA does not require such exhaustion.

This "difference," however, if in fact there is a difference between Title VII and the ADEA in this respect, is a mere corollary to the first difference. If Title VII did not require exhaustion of administrative review, the rule requiring Title VII plaintiffs to seek administrative relief before bringing a civil action would be undermined.

The third "difference" apparently had greatest influence upon the court in *Coleman:*

> Most importantly, section 2000e–16(c) clearly sets forth a thirty-day limitations period beginning with receipt of notice of final agency action, while section 633a is silent as to the period in which a plaintiff who first pursued administrative remedies must commence a civil action.

693 F.Supp. at 1547. This "difference," however, is irrelevant to the instant inquiry because it is this very absence of a statute of limitation period in § 633a that leads the court to examine potential statutes of limitation for borrowing purposes. If this "difference" were to be taken as alone decisive, then no statute of limitation would be suitable for borrowing because every potential statute of limitation would be "different" from § 633a in this way. To give this factor such weight as in practical effect to be decisive in this case would thus be inappropriate.

Finally, the *Coleman* opinion noted that the C.F.R. regulations designed to enforce the ADEA and Title VII treat the limitation period differently—29 C.F.R. § 1613.282 requires an agency to notify a Title VII claimant "of his right to file a civil action, and of the 30–day time limit for filing," but 29 C.F.R. § 1613.514 makes that notification provision inapplicable to ADEA claimants. This "difference," too, is not itself significant, and is, in essence, a corollary of the third "difference." The C.F.R. embodies the regulations necessary to enforce the statutes; because the statutes treat this limitation period differently, the C.F.R. also must treat it differently.

In sum, then, the court in *Coleman* noted only one difference of substantial weight between Title VII and § 633a—that an ADEA claimant has the right, while a Title VII claimant does not, to forego administrative channels and proceed directly to federal court. In light of the overwhelming similarities between Title VII and the ADEA in other respects, *Oscar Mayer & Co.*, 441 U.S. at 756, 99 S.Ct. at 2071, and in light of the legislative history of the ADEA that shows that it grew out of Title VII, *EEOC v. Wyoming*, 460 U.S. at 231, 103 S.Ct. at 1057, *Coleman* is unpersuasive.

Finally, even if this court accepted the reasoning of *Coleman*, that case would still be unhelpful to plaintiff. Although *Coleman* rejected the analogy to Title VII's thirty-day limitation period, it also rejected the use of the six-year statute of limitation of 28 U.S.C. § 2401(a): "It would be anomalous to hold ... that a federal catch-all provision governs with respect to ADEA claims when there are available other relevant statutory provisions more specifically geared to the claim brought." 693 F.Supp. at 1548. In *Coleman*, the court instead chose to borrow either (1) the two- or three-year statute of limitation from 29 U.S.C. § 626(e)(1) (for ADEA claims against private employers); or (2) the statute of limitation from 42 U.S.C. § 1981 (equal rights under the law), which is, in turn, borrowed from the analogous state statute. The relevant New York statute of limitation in *Coleman* was three years; the comparable Massachusetts statute of limitations would be two years. Mass.Gen.L. ch. 151B, § 9; *Hester v. City of Lawrence*, 602 F.Supp. 1420, 1422 (D.Mass.1985). Thus, if following *Coleman*, this court would borrow either a two- or three-year statute of limitation and would be constrained to dismiss this suit.

For the foregoing reasons, I conclude that, for purposes of § 633a, I must "borrow" the limitation period from Title VII, 42 U.S.C. § 2000e–16(c), and the CSRA, 5 U.S.C. § 7703(b)(2). Accordingly, after a claimant is denied administrative relief, in circumstances like those of this case, the claimant must, in order to bring his claims before a district court, file suit within thirty days of his receipt of the final decision of the EEOC. Here, it is uncontested that

plaintiff has not complied with this requirement. Unless plaintiff can show that equitable considerations support tolling the statute of limitation, or estopping the government from seeking this dismissal, plaintiff's complaint must be dismissed.

### III. Equitable Remedies

■ Defendant contends that equitable remedies are not available in this case because plaintiff's failure to comply with the thirty-day filing requirement denies this court subject matter jurisdiction. The circuits are split as to whether the filing requirement of 42 U.S.C. § 2000e–16(c) is jurisdictional, and the First Circuit has explicitly not yet resolved this issue. *Rys v. United States Postal Service*, 886 F.2d 443, 446 (1st Cir.1989). In the context of 42 U.S.C. § 2000e–5(f)(1), however, the First Circuit has taken an expansive view, holding that the ninety-day limit for filing private discrimination claims in federal court is not jurisdictional, and is subject to equitable modification. *Rice v. New England College*, 676 F.2d 9, 10 (1st Cir.1982). Also, because the thirty-day limitation period is borrowed rather than explicitly and clearly stated in § 633a, the court should be more flexible in considering the equities that may have caused a plaintiff to fail to comply with the borrowed thirty-day deadline. Accordingly, I conclude that the thirty-day filing requirement in § 633a is not jurisdictional and is subject to equitable modification.

■ The plaintiff's argument for equitable relief in this case is based essentially on (1) the extended duration of the administrative proceedings, and (2) the potentially misleading nature of the statement that plaintiff had no further right of appeal, but did have a right to file a civil action in an appropriate United States District Court, and *"MAY* have up to six years" to do so. Statement of Right to File a Civil Action. Plaintiff has not proffered any allegation or evidence of facts to support a claim for relief based on other equitable considerations distinctive to this case.

Plaintiff is in effect seeking a ruling that would apply generally to all cases in which

defendant gives a notice such as that given in this case after lengthy administrative proceedings. A ruling for the plaintiff on this ground would be so sweeping in its application as to be fundamentally inconsistent with the precedents that the court has concluded must guide the court's decision on the issue of statutory construction examined in Part II above. Also, although the Statement of Right to File a Civil Action was potentially misleading (in mentioning both the thirty-day and six-year limitation periods), this court is constrained by precedent to deny equitable relief if the only proffered reasons for such relief are the length of the administrative proceedings and the alleged misleading nature of the Statement of Right to File a Civil Action. *See Rys*, 886 F.2d at 446–48 (no equitable tolling, even though language in letter from EEOC was unclear, because language not misleading in context); *Schweiker v. Hansen*, 450 U.S. 785, 788–89, 101 S.Ct. 1468, 1470–71, 67 L.Ed.2d 685 (1981) (no equitable estoppel if no "affirmative misconduct" by government agent); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (same); *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989) ("We hew to a 'narrow view' of equitable exceptions to Title VII limitations periods"). *Cf. Caraway*, 678 F.Supp. at 128 (granting equitable relief from thirty-day limitation period because "EEOC informed plaintiff that he had 'six years after the right of action first accrues' to file a civil action for age discrimination," although opinion unclear as to whether thirty-day deadline also mentioned by EEOC; court concluded that "[i]t would be unjust to hold plaintiff accountable for the administrative agency's incorrect interpretation of the law"). That precedent binds the court to deny equitable relief is all the more troubling here in light of the apparent absence of any effective response by the EEOC to repeated judicial criticism of the EEOC's vague, cryptic, mystifying, and ambiguous notices. *See Rys*, 886 F.2d at 447; *Warren v. Department of the Army*, 867 F.2d 1156, 1160 (8th Cir.1989); *Mondy v. Secretary of the*

*Army,* 845 F.2d 1051, 1052 n. 1 (D.C.Cir. 1988); *Martinez v. Orr,* 738 F.2d 1107, 1111 (10th Cir.1984); *Paulk v. Department of the Air Force,* 830 F.2d 79, 80 (7th Cir.1987); *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 31 (3rd Cir.1987); *Lubniewski I,* 682 F.Supp. at 464; *Lubniewski II,* 891 F.2d 216, 218–219. Moreover, defendant's attempt to disassociate itself from the notice given to the plaintiff, which cited 28 U.S.C. § 2401(a), is not entirely convincing, given that in *Wiersema,* the EEOC argued that "the statute of limitations which should be applied in this [§ 633a] case is the six-year limitations period found in 28 U.S.C. § 2401(a)." 41 Empl.Prac.Dec. ¶ 36,519.

Even though the court's concern on these grounds is not a persuasive reason for predicting that higher courts will overrule the majority view expressed in the precedents discussed above and in Part II, it is at least a valid reason for allowing plaintiff a reasonable opportunity to file submissions proffering a factual and legal basis, if any there be, for a determination that facts distinctive to the plaintiff's case (rather than merely to virtually all cases in which a final notice of the type sent in this case has been used) support equitable relief from the harsh consequences of a rigorously enforced thirty-day limitation period. Granting this opportunity in this case is especially appropriate because of the court's concern that issues regarding potential equitable relief may not have been adequately focused in proceedings to this point in the case.

### ORDER

Defendant's Motion to Dismiss (Docket No. 3) will be ALLOWED unless plaintiff files, on or before January 31, 1990, a submission showing cause for entitlement to equitable relief from the thirty-day limitation period. If plaintiff files a submission within the time allowed, defendant may file a response on or before February 14, 1990.