**1192**

Joe LANGFORD and James Ferguson, individually and on behalf of all other persons similarly situated, Plaintiffs–Appellants,

v.

U.S. ARMY CORPS OF ENGINEERS, and John O. Marsh, Secretary of the Army, Defendants–Appellees.

No. 86–5874.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 2, 1987.

Decided Feb. 24, 1988.

Olly Neal, Wilson, Bell and Neal, Helena, Ark., Marianna, Ark., for plaintiffs-appellants.

W. Hickman Ewing, U.S. Atty., Reba Robinson, Memphis, Tenn., Robert D. Newberry, Office of Judge Advocate Gen., Dept. of the Army, Washington, D.C., Captain Richard O. Hatch, Janice L. Esposito, U.S. Army Corps of Engineers, Memphis, Tenn., for defendants-appellees.

Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Joe Langford and James Ferguson appeal from the district court's dismissal of their complaint filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, for failure to state a claim upon which relief can be granted. For the following reasons, we reverse the judgment of the district court.

**I.**

Appellants Langford and Ferguson are civilians employed by the United States Army Corps of Engineers (Corps) as a survey boat operator and a lead surveying technician respectively. In October of 1983, appellants were assigned to perform surveying work in the vicinity of Horseshoe Lake, Arkansas. During this time, Langford and Ferguson were observed habitually leaving their work site early without permission while reporting full days on their pay documents. Based on their absenteeism, Langford received a written reprimand and Ferguson was suspended for two days.

Appellants contacted Berland Boyd, an Equal Employment Opportunity Counselor, alleging that they had been disciplined because of their ages. Langford was fifty-one years old, and Ferguson was forty-eight years old at the time of the disciplinary actions.

Following the failure of Boyd's informal efforts to resolve appellants' complaints, appellants each filed a formal, individual complaint of age discrimination with the Corps; and, on February 22, 1984, the United States Army Civilian Appellate Review Office (USACARO) notified each appellant that it had accepted his discrimination complaint for investigation. Following an investigation, the USACARO found that al-

though appellants had established prima facie cases of age discrimination, management had articulated legitimate nondiscriminatory reasons for disciplining appellants which were not proven to be pretextual. Appellants were then notified by Equal Employment Opportunity Manager William Jones of the intention of the Commander to adopt the findings of the USACARO, and they were advised of their rights to further administrative proceedings. Each appellant requested a hearing before a complaints examiner designated by the Equal Employment Opportunity Commission (EEOC), and on October 10, 1984, the Memphis Office of the EEOC acknowledged receipt of the cases. On November 5, 1984, attorney James Wilson advised the EEOC that he would represent both appellants.

On March 4, 1985, prior to their administrative hearings, appellants filed their individual and class claims of age discrimination against the Corps in federal district court. Attorney Wilson advised the EEOC on the following day that appellants had filed suit in federal court and requested that the EEOC discontinue its administrative proceedings. Wilson repeated his request on March 21, 1985, by stating, "[p]lease be advised that it is my desire to dispense with the administrative process."

On June 17, 1986, the district court dismissed appellants' complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court held that an aggrieved federal employee may pursue a claim of age discrimination in one of two ways, i.e., by filing an administrative complaint with the agency for which he works and then, following a final, adverse decision by the EEOC, filing suit in federal court, or, by foregoing the administrative route and filing suit directly in federal court within one hundred and eighty days of the alleged discriminatory incident and upon giving the EEOC thirty days' notice of intent to sue. After reviewing the memoranda submitted by both parties, the district court determined that appellants had elected to pursue the administrative route but then filed suit in federal district court before any final, adverse decision had been reached by the EEOC. Consequently, because appellants had failed to exhaust their administrative remedies, the district court found dismissal proper.

Appellants timely filed this appeal on July 1, 1986.

The issue before this court is whether appellants were required to exhaust administrative remedies, once they were initiated, as a prerequisite to filing this civil action in federal court pursuant to the ADEA.

## II.

Unlike the Civil Rights Act which generally requires exhaustion of administrative remedies before a government employee or applicant may file a civil action, see 42 U.S.C. § 2000e–16(c), the ADEA provides two separate avenues of relief to a federal employee or applicant who believes that he has been a victim of age discrimination. First, an employee or applicant may file an administrative complaint pursuant to the rules, regulations, orders and instructions for the acceptance and processing of complaints for which the ADEA authorizes the EEOC to provide. See 29 U.S.C. § 633a(b). Second, an employee or applicant may bring a civil action for legal or equitable relief in any federal district court of competent jurisdiction. 29 U.S.C. § 633a(c).

The ADEA provides that "[w]hen the individual has not filed a complaint concerning age discrimination with the [EEOC], no civil action may be commenced by any individual under this section until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d). In contrast to the Civil Rights Act, the ADEA places no limitations on the filing of a civil action when an employee or applicant has filed an age discrimination complaint with the EEOC. Cf. 42 U.S.C. § 2000e–16 (which with two exceptions permits an individual to file a civil action in district court only after final agency action). Therefore, the ADEA may be construed to permit the filing of a civil

action at any time when an employee or applicant has filed an age discrimination complaint with the EEOC.

Consistent with this construction of the statute, the Fifth Circuit has held:

An employee who believes that he has been discriminated against because of his age has two avenues of relief. He may file an administrative complaint with the employing federal agency, and if the employing agency's determination is adverse to him he may appeal to the Civil Service Commission for administrative review.[1] 29 U.S.C. § 633a(b); *see* 29 C.F.R. §§ 1613.501—1613.521 (1980). After the administrative complaint has been filed with the Commission, a civil action then may be instituted. 29 U.S.C. § 633a(c), (d). Alternatively, the employee has the option under the Act to bypass the administrative process either in part or in its entirety and proceed directly to federal court thirty days after notice of intent to sue has been given to the Commission as long as such notice is given 'within one hundred and eighty days after the alleged unlawful practice occurred.' 29 U.S.C. § 633a(d)....

*Paterson v. Weinberger*, 644 F.2d 521, 523–24 (5th Cir.1981) (footnote added).

The regulations promulgated by the EEOC support the Fifth Circuit's holding in *Paterson*. The regulations governing nondiscrimination on account of age in the federal government provide that "[t]he filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal under this subpart." 29 C.F.R. § 1613.513.[2] The clear import of this regulation is that exhaustion of administrative remedies, even once they are initiated, is not required before filing a civil action in federal court. Additionally, while the regulations governing nondiscrimination on account of age in the federal government provide that agency regulations governing the acceptance and processing of complaints of discrimination in federal employment generally control, 29 C.F.R. 1613.511, the age discrimination regulations expressly exclude one section which is important to note. The age discrimination regulations omit the section which acknowledges the Civil Rights Act's restriction that an individual may file a civil action in district court only after final agency action with two exceptions and which defines final agency action for the purpose of the regulations governing Equal Employment Opportunity in the federal government. 29 C.F.R. §§ 1613.514, 1613.281. The exclusion of the definition of final agency action from the regulations governing age discrimination in federal employment is an additional indication that final agency action is not necessary before a complaint of age discrimination in federal employment may be filed in district court.

We reject the Third Circuit's position taken in *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983), that the absence in the ADEA of a section corresponding to the Civil Rights Act's exceptions to the rule that an individual may file a civil rights action in district court only after final agency action mandates that an ADEA plaintiff exhaust administrative remedies. We are not concerned with the absence of the exceptions to the rule of finality in the ADEA because, as we have indicated above, the ADEA, unlike the Civil Rights Act, does not require final agency action prior to filing suit. Therefore, no exceptions to the finality requirement are needed in the ADEA.

Additionally, we reject the First Circuit's position taken in *Castro v. United States*, 775 F.2d 399, 404 (1st Cir.1985), that to allow an individual to initiate a civil action before exhausting administrative remedies,

---

**1.** The Reorganization Plan No. 1 of 1978 made the EEOC the principal federal agency in fair employment enforcement. 92 Stat. 3781.

**2.** Section 1613.513 has been amended to read as follows: "The filing of a civil action by an employee or applicant involving a complaint filed under this subpart terminates processing of that complaint." 52 Fed.Reg. 41,920, 41,930 (1987). The amendment applies only to civil actions filed after November 30, 1987, 52 Fed. Reg. 41,920 (1987), and is, therefore, inapplicable to the instant appeal.

once they are initiated, is inconsistent with one of the central objectives of section 633a—to encourage mediation or conciliation so as to render a civil action unnecessary. First, neither section 633a(c), which permits the filing of a civil action, nor any other provision of section 633a purports to require exhaustion of administrative remedies. Second, the regulations governing nondiscrimination on account of age in the federal government provide that the filing of a civil action does not terminate agency processing of a complaint or Commission processing of an appeal. 29 C.F.R. § 1613.513. Thus, the filing of a civil action without exhaustion of administrative remedies, even once they are initiated, does not necessarily hinder mediation or conciliation efforts.

In the instant case, appellants filed administrative complaints with the EEOC. Approximately five months later, prior to their administrative hearings, appellants filed this civil action in district court. Because the ADEA places no limitations on the filing of a civil action when an employee has filed an age discrimination complaint with the EEOC and because the regulations contemplate the filing of civil actions without exhaustion of administrative remedies, the district court improperly dismissed this action for failure to state a claim upon which relief can be granted.

For the foregoing reasons, we REVERSE the district court's judgment.