Joseph J. ATTWELL, Plaintiff,

v.

Bruce R. GRANGER, F. Allen McDonough, and Elyse S. Sharfman, Defendants.

Civ. A. No. 89–CV–1808–JTC.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 31, 1990.

Joseph J. Attwell, pro se.

Nina Loree Hunt, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

CAMP, District Judge.

This action has been submitted to the Court on the Magistrate's Report and Recommendation. The plaintiff has filed an objection. This Court has performed a careful *de novo* review of the record, and for the reasons stated below AFFIRMS the Magistrate's holding.

### I. THE COURT'S RULING ON THE MAGISTRATE'S REPORT AND RECOMMENDATION

The Court adopts the Statement of Facts as set forth in the Magistrate's Report and Recommendation.

■ This Court finds the Magistrate's Report and Recommendations correct in all respects. Plaintiff's attempts to distinguish the cases relied upon by the Magistrate are unpersuasive. The Magistrate correctly held that the Court in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), found that § 717 of Title VII provides the *exclusive* remedy for federal employees with regard to race and sex. The *Brown* Court, in fact, distinguished *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) by rejecting exactly the same proposition plaintiff argues, namely that Title VII did not replace preexisting remedies, such as 42 U.S.C. § 1981. Thus, plaintiff's sex and race discrimination claims must be dismissed because they were not brought under Title VII.

■ Furthermore, after careful consideration, the Court agrees with the Magis-

trate's analysis and conclusions with regard to plaintiff's Fifth Amendment Due Process Claims, age discrimination claim, and request for a jury trial. Accordingly, defendants' Motion to Dismiss as to plaintiff's 42 U.S.C. §§ 1981 and 1985(3) claims and Fifth Amendment Due Process claims is GRANTED; Defendants' Motion to Dismiss as to plaintiff's ADEA claims is GRANTED; and plaintiff's Motion for a jury trial is DENIED.

## II. PLAINTIFF'S OUTSTANDING MOTIONS

■ Plaintiff also has several related motions outstanding before this Court. First, plaintiff filed a Motion to strike Defendants' response to Plaintiff's Motion to Vacate Assignment of the Cause to the Magistrate. Under F.R.C.P. 72(b), "within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof." In this case, plaintiff served his motion to vacate on defendants on February 27, 1990. Defendants failed to respond until March 20, 1990. Therefore, having greatly exceeded the applicable response period, the Court GRANTS plaintiff's Motion to Strike defendants' response to plaintiff's Motion to Vacate.

■ However, this Court must still examine the propriety of granting or denying a motion despite the fact that it is unopposed. In plaintiff's Motion to Vacate assignment of the case to the Magistrate, plaintiff first argues that the action was improperly assigned to the Magistrate pursuant to Internal Procedure 920–2 of this Court. Second, he complains that even if the assignment were proper, the Magistrate's consideration of the Motion to Dismiss was improper.

Under 28 U.S.C. § 636(b)(1)(B) and (C), the Magistrate may hear dispositive pretrial motions, such as a motion to dismiss. The Magistrate does not rule directly on such a motion, but instead files a report

containing findings of fact and recommendations, upon which the District Judge makes the ruling. *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir.1985), *cert. denied,* 479 U.S. 830, 107 S.Ct. 116, 93 L.Ed.2d 63 (1986). Thus, the referral of the action to the Magistrate for the purpose of making a report and recommendation on the defendants' Motion to Dismiss was proper, and was not accomplished pursuant to Internal Procedure 920–2 of this Court. For this reason, the Court DENIES plaintiff's Motion to Vacate Assignment of the cause to the Magistrate.

SO ORDERED.

## MAGISTRATE'S ORDER AND REPORT AND RECOMMENDATION

JOHN E. DOUGHTERY, United States Magistrate.

Plaintiff brings this action for alleged violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.;* violations of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1985(3); and violations of the Fifth Amendment to the United States Constitution. In Count 1 of his complaint, plaintiff alleges that in June 1987, when he applied for two General Attorney GS–11/12/13 positions at the Atlanta Health and Human Services Chief Counsel's Office, he was a 75–year–old black male who met the general qualifications of bar membership in one state and one year of professional experience. He contends that defendants discriminated against him because of his race, sex, and age, since the applicants selected were white females under 40 years of age who did not meet his qualifications or experience. In Count 2, plaintiff alleges that he was hired as a Grade 9 staff attorney in October 1987 after initially being rejected for that position due to his race, sex, and age. However, plaintiff contends that he was unlawfully terminated from this position in retaliation for his filing a formal EEO complaint regarding the non-selection alleged in Count 1 of his complaint. The case is currently before this court on Defendants' Motion to Dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), as well as

Plaintiff's Reply, Defendants' Response to Plaintiff's Reply, and Plaintiff's Reply to Defendants' Response. The case has also been submitted to the magistrate on Plaintiff's Motion for Jury Trial.

### Plaintiff's Claims of Race and Sex Discrimination

In his complaint, plaintiff states, "This cause is not brought under Title VII, 42 U.S.C. § 2000[e–]3 *et seq.*" Claiming that he is a victim of race and sex discrimination, plaintiff relies instead on other civil rights statutes. 42 U.S.C. §§ 1981, 1985(3). However, § 717 of Title VII provides the exclusive judicial remedy for race or sex discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Title VII of the Civil Rights Act of 1964 forbids employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e–2, 2000e–3. In 1972, this statute was amended to protect federal employees with the addition of Section 717, which proscribes federal employment discrimination and establishes an administrative and judicial enforcement system. 42 U.S.C. § 2000e–16. Based upon the "balance, completeness, and structural integrity of Section 717," the Supreme Court concludes that this amendment was not designed merely to supplement other judicial relief but rather to provide the exclusive judicial remedy for federal employees contesting job-related discrimination. *Brown v. GSA,* 425 U.S. at 832, 96 S.Ct. at 1967.

As noted above, plaintiff has emphatically stated that he is not attempting to plead a Title VII action. Since Title VII is the exclusive remedy for plaintiff's claims of race and sex discrimination, plaintiff's claims based on 42 U.S.C. §§ 1981 and 1985(3) are subject to dismissal. Defendants' Motion to Dismiss should therefore be GRANTED as to these claims.

### Plaintiff's Claim of Denial of Due Process In Violation of the Fifth Amendment

Plaintiff contends he was denied his right to due process of law as protected by the Fifth Amendment in that defendants failed to consider the merit system principles for hiring which are dictated by Congress and to obey rules established by the Department of Health and Human Services which give veterans preference over other applicants. Plaintiff asserts that had defendants abided by the terms of the merit system principles and had defendants granted him priority consideration since he is a veteran, he would have been hired for the Grade 11/12/13 position. It appears to the court that plaintiff's claim that defendants willfully and maliciously manipulated the rules and procedures in order to deny plaintiff his constitutional rights is distinct from any claim of discrimination alleged by plaintiff. *See Ray v. Nimmo,* 704 F.2d 1480 (11th Cir.1983).

In *Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court implied a remedy in an action for damages against individual federal officials for alleged violations of the Fourth Amendment. As noted by defendants, plaintiff Attwell raises a *Bivins* claim against his former supervisors based upon the Fifth Amendment which is similar to the claim in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), where a federal civil servant sued his supervisors alleging that he was the victim of a retaliatory discharge because he exercised his First Amendment rights. The *Bush* Court held, however, that because Bush's claims arose out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, it would be inappropriate for the Court to supplement that regulatory scheme with a new nonstatutory damages remedy.

In an Eleventh Circuit case where a plaintiff sued her supervisor who allegedly had violated her First and Fifth Amendment rights, the Court noted that the *Bush* analysis has been applied to Fifth Amendment claims as well as to First Amendment claims. *McCollum v. Bolger,* 794 F.2d 602,

606 (11th Cir.1986), *cert. denied* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987). In the *McCollum* case, the Court determined that the United States Postal Service's grievance procedure is constitutionally sufficient and that therefore, the plaintiff could not maintain a constitutional tort action against her supervisor. *Id.* at 607.

The validity of *Bush* has been reaffirmed in *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), in which the Supreme Court refused to permit a damages remedy against government officials arising out of the allegedly improper denial of disability benefits to Social Security disability benefits claimants. The claimants contended that they were denied these disability benefits without due process in violation of the Fifth Amendment. The Supreme Court dismissed the case, explaining:

> When the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivins* remedies.

*Schweiker v. Chilicky*, 487 U.S. at 423, 108 S.Ct. at 2468, 101 L.Ed.2d 370, 381 (1988).

Plaintiff complains that defendants failed to consider him for the General Attorney GS–11/12/13 position despite the merit system principle regarding the implementation of federal personnel management. This principle provides as follows:

> (1) Recruitment should be from qualified individuals from appropriate sources in an endeavor to achieve a work force from all segments of society, and selection and advancement should be determined solely on the basis of relative ability, knowledge, and skills, after fair and open competition which assures that all receive equal opportunity.
>
> (2) All employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with prop-

er regard for their privacy and constitutional rights.

5 U.S.C.A. § 2301(b)(1) and (2) (1989). As noted above, however, it is well-settled that Title VII of the Civil Rights Act is the exclusive remedy of an employee or applicant for federal employment who alleges discrimination on the basis of race or sex. *Brown v. GSA*, 425 U.S. at 825, 96 S.Ct. at 1964 (1976). In the Eleventh Circuit, it is also settled that the ADEA is the exclusive remedy of an employee or applicant for federal employment who alleges discrimination on the basis of age. *Ray v. Nimmo*, 704 F.2d at 1485. Both Title VII and the ADEA establish an administrative and judicial enforcement system. 42 U.S.C. § 2000e–16; 29 U.S.C. § 633a. These statutes, which protect federal employees against discriminatory action by supervisors, are constitutionally sufficient, and therefore, this court refuses to supplement that remedy by entertaining a non-statutory claim based on the Fifth Amendment.

Additionally, plaintiff has failed to show a basis on which this court can review his veterans preference claim. The legislative history of the Civil Service Reform Act (CSRA) indicates that Congress specifically considered the Veterans Preference Act to be an integral part of the CSRA. H.R. Conf.Rep. No. 95–1717, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2860, 2877, 2886. A number of courts, however, have concluded that the comprehensive nature of the CSRA indicates a clear congressional intent to preclude judicial review of such claims where review is not permitted by the CSRA. *See, e.g., Towers v. Horner*, 791 F.2d 1244, 1247 (5th Cir.1986); *Carducci v. Regan*, 714 F.2d 171, 173–75 (D.C.Cir.1983). Thus, defendants' Motion to Dismiss should be GRANTED as to plaintiff's claim for damages based on the Fifth Amendment.

*Plaintiff's Claim of Age Discrimination*

In Defendants' Response to Plaintiff's Reply, defendants assert that plaintiff failed to exhaust his administrative remedies under the ADEA. Where a federal employee or applicant believes that he has

been discriminated against on the basis of age, the plaintiff has two options. First, he may file a formal complaint with the EEOC and pursue an administrative remedy, commencing a civil action if he is denied relief. Second, he may proceed directly to federal district court in lieu of pursuing administrative relief, provided that he has filed a Notice of Intent to Sue with the EEOC no later than 180 days from the allegedly discriminatory act and at least 30 days prior to filing the action. 29 U.S.C.A. §§ 633a(c) and 633a(d). *See Ray v. Nimmo,* 704 F.2d at 1483.

According to defendants, plaintiff "willfully truncated" the EEOC's consideration of his allegations of age discrimination by filing this action prior to exhausting his administrative remedies. Defendants state that because the instant action was not commenced until substantially more than 180 days had lapsed since either of the allegedly discriminatory acts at issue occurred, plaintiff has no basis to assert that his claims under the ADEA would have been time-barred had he waited for a final administrative decision. Defendants' argument is incorrect, however.

Contrary to defendants' assertion, the EEOC need not reach a final decision in order for a plaintiff to file an action under the ADEA. Although the circuits are split on the issue of whether a federal employee who files an administrative complaint under the ADEA must exhaust administrative remedies prior to filing suit in district court, the applicable regulations contemplate that exhaustion is not a necessary prerequisite. A number of courts of appeals have held that a federal employee as applicant who has commenced an ADEA proceeding before an administrative agency must allow the administrative process to be completed in order to encourage conciliation. *See, e.g., Rivera v. United States Postal Service,* 830 F.2d 1037 (9th Cir. 1987), *cert. denied* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988), *r'hg denied,* 487 U.S. 1228, 108 S.Ct. 2888, 101 L.Ed.2d 922; *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d

1365 (1983). In *Langford v. U.S. Army Corps of Engineers,* 839 F.2d 1192 (6th Cir.1988), the Sixth Circuit ruled to the contrary, noting that the age discrimination regulations expressly omit one section of the regulations governing acceptance and processing of complaints of discrimination in federal employment. 29 C.F.R. § 1613.514. The excluded section is that which defines final agency action. 29 C.F.R. § 1613.281. The *Langford* court explains:

> The exclusion of the definition of final agency action from the regulations governing age discrimination in federal employment is an additional indication that final agency action is not necessary before a complaint of age discrimination in federal employment may be filed in district court.

*Langford v. U.S. Army Corps of Engineers,* 839 F.2d at 1194.

Another EEOC regulation which lends support to the view that exhaustion of an administrative age-based complaint is unnecessary provides that the filing of a civil action by a federal employee or applicant involving an EEOC complaint of discrimination on account of age terminates processing of that complaint. 29 C.F.R. § 1613.513. This language suggests that a discrimination suit may be commenced even if one has not received a final agency decision. Noting that this regulation applies only to court actions filed after November 30, 1987, the Second Circuit held as follows:

> Thus, the *Langford* view that exhaustion is not required even if the ADEA claimant has initiated administrative proceedings is undoubtedly correct for suits commenced after November 30, 1987, since otherwise the claimant who pursues both avenues would find both automatically closed.

*Bernholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989).

Although the Eleventh Circuit has not yet expressly chosen to adhere to either side of this split, there is some precedent in the Circuit weighing in favor of no exhaustion requirement. In *Patterson v. Wein-*

*berger*, 644 F.2d 521 (5th Cir.1981),[1] the court, in explaining the option available to a federal employee who believes he has been the victim of discrimination because of his age, stated as follows:

> Alternatively, the employee has the option under the Act to bypass the administrative process *either in part or in its entirety* and proceed directly to federal court.... [Emphasis supplied].

*Patterson v. Weinberger*, 644 F.2d at 523. Certainly this language suggests that an employee may file an action in district court prior to a final agency determination.

The magistrate therefore determines that administrative exhaustion is unnecessary in this case. Rather, a federal employee need give the EEOC only a 30–day notice of an intention to sue. 29 U.S.C.A. § 633a(d). A complaint filed with the EEOC constitutes such notice of intent to file a civil action. *See Ray v. Nimmo*, 704 F.2d at 1484. This requirement was met, as plaintiff filed one charge with the EEOC on December 8, 1987 and a second charge on January 25, 1988, but he did not file his civil action until August 14, 1989, giving the EEOC substantially more than the minimum 30–day notice.

The second requirement to bypassing an administrative remedy is that this notice must be given within 180 days after the alleged discrimination occurred. 29 U.S.C. § 633a(d). Plaintiff also met this requirement. His failure to be selected for an attorney position at the GS–11 level occurred in September 1987. Plaintiff filed a charge with the EEOC regarding the Department of Health and Human Services' failure to hire him on December 8, 1987, well within the 180–day deadline. Plaintiff's second charge was filed January 25, 1988, just weeks after defendants allegedly began their conspiracy to terminate him in retaliation for his complaining to the EEOC

about the employment practices in the Office of General Counsel. Plaintiff's actual termination occurred on March 18, 1988. Thus, both EEOC charges were timely filed. Although defendants refer to the date the civil action was filed in district court—more than 180 days after either of the events at issue, it is the charge to the EEOC, not the civil action, which must be filed within 180 days.

Plaintiff's civil action was also timely filed. The Fair Labor Standards Act (FLSA) statutes of limitations apply to ADEA actions. 29 U.S.C. § 626(b). The portion of the Act which applies to federal employees indicates that § 633a shall not be subject to provisions of the ADEA. 29 U.S.C. § 633a(f). Thus, it is unclear what limitations period is applicable to age discrimination actions brought by federal employees or applicants. At least one court has held that, despite the exclusion of federal employees from the FLSA enforcement scheme, the two-year statute of limitations—three years if the discrimination was willful—applies to ADEA actions by federal employees. *See Wiersema v. Tennessee Valley Authority*, 648 F.Supp. 66 (E.D.Tenn.1986). Other courts have held that the general six-year statute of limitations governing non-tort civil actions against the federal government govern federal ADEA actions. 28 U.S.C. § 2401(a). *See e.g., Lubniewski v. Lehman*, 891 F.2d 216, 221 (9th Cir.1989). *See also Bornholdt v. Brady*, 869 F.2d at 64–67. *But see Lavery v. Marsh*, 727 F.Supp. 728 (D.Mass.1989).[2]

Regardless which of these statutes of limitations is applied to this case, plaintiff's action was timely filed. Here, the first allegedly discriminatory act occurred in September 1987, less than two years before the action was filed in August 1989. Thus, neither plaintiff's claim that defendants failed to hire him at the GS–11 level be-

---

**1.** The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**2.** The *Lavery* court applied the 30-day limitations period set forth in Title VII to an action

brought under 29 U.S.C. § 633a. However, the legislative history leading up to the enactment of Section 15 of the ADEA indicates that Congress deliberately chose not to make the ADEA limitation period for suits against the government the same as the period provided under Title VII, 42 U.S.C. § 2000e–16(c).

cause of his age nor his claim that defendants unlawfully terminated him in retaliation for filing a complaint with the EEOC regarding the alleged age discrimination should be dismissed for failure to exhaust administrative remedies, nor should these claims be dismissed because they are time-barred.

*Whether Plaintiff's Former Supervisors are Proper Defendants in a Civil Action Based on the ADEA*

In Defendants' Response to Plaintiff's Reply, defendants contend that plaintiff's former supervisors are not proper defendants in a civil action based on the ADEA. Although under Title VII the only proper defendant is the head of the agency (42 U.S.C. § 2000e–16(c)), the ADEA does not specify who must be named as a defendant in an action brought under the Act. Defendants urge this court to find that plaintiff's former supervisors are not proper defendants, citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979), where the Supreme Court held that when a provision of the ADEA can be traced to a complimentary section of Title VII, the two should be construed consistently.

Title 29 U.S.C.A. § 633a(d) suggests that more than one official may be named as a defendant: "Upon receiving a Notice of Intent to Sue, the Commission shall promptly notify *all persons* named therein as prospective *defendants* in the action...." [Emphasis supplied]. Despite this language, however, a growing number of courts have held that Title VII's identification of the proper defendant also applies to ADEA claims. *See, e.g., Honeycutt v. Long*, 861 F.2d 1346 (5th Cir.1988); *Romain v. Shear*, 799 F.2d 1416 (9th Cir. 1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987); *Ellis v. United States Postal Service*, 784 F.2d 835 (7th Cir.1986); *Rattner v. Bennett*, 701 F.Supp. 7 (D.D.C.1988); *Gillespie v. Helms*, 559 F.Supp. 40 (W.D.Mo.1983).

The undersigned magistrate is persuaded by the reasoning set forth by these courts. As noted above, when a section of the ADEA can be traced to a similar section of Title VII, the two provisions should be construed consistently. *Oscar Mayer & Co. v. Evans*, 441 U.S. at 755–56, 99 S.Ct. at 2071. Section 717 of Title VII, 42 U.S.C. § 2000e–16, served as a model for Section 15 of the ADEA, 29 U.S.C. § 633a, which was enacted in 1974 to prohibit age discrimination in federal employment. *See Lehman v. Nakshian*, 453 U.S. 156, 166–67 & n. 15, 101 S.Ct. 2698, 2705 & n. 15, 69 L.Ed.2d 548 (1981). Thus, these Courts have concluded that the appropriate defendant to be sued under the ADEA is the same person as under Title VII.

Relying on the above-cited cases, the magistrate CONCLUDES that only the Secretary of the Department of Health and Human Services, the head of the employing agency, is the proper defendant in this case. Plaintiff's supervisors therefore cannot be named as defendants in either their individual or official capacities. For this reason, defendants' Motion to Dismiss plaintiff's action based on the ADEA should be GRANTED.

*Plaintiff's Motion for a Jury Trial*

In *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the Supreme Court declared that federal employees are not entitled to a jury trial in suits brought under the ADEA against the United States. Therefore, Plaintiff's Motion for a Jury Trial is hereby DENIED.

## RECOMMENDATION

Accordingly, the magistrate RECOMMENDS that Defendants' Motion to Dismiss be GRANTED on plaintiff's claims under 42 U.S.C.A. §§ 1981 and 1985(3), as well as plaintiff's allegations of denial of his due process rights under the Fifth Amendment to the United States Constitution. Defendants' Motion to Dismiss Plaintiff's ADEA claims should also be GRANTED, since plaintiff has failed to name the proper defendant.

SO ORDERED, REPORTED AND RECOMMENDED.