**Kathleen M. KUBICKI, Plaintiff,**

v.

**Nicholas F. BRADY, Secretary, Department of the Treasury, Defendant.**

Civ. A. No. 93–71176.

United States District Court, E.D. Michigan, S.D.

Aug. 27, 1993.

Robert Moran, Detroit, MI, for plaintiff.

Elizabeth J. Larin, Asst. U.S. Atty., Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS TO STRIKE AND FOR SANCTIONS

GADOLA, District Judge.

Plaintiff Kathleen Kubicki filed a complaint in the United States District Court for the District of Columbia on September 24, 1991, alleging Title VII sex discrimination under 42 U.S.C. § 2000e–16. On January 24, 1992, the court dismissed the complaint for failure to timely effect service of process as required by Rule 4(f) of the Federal Rules of Civil Procedure. Plaintiff then filed motions to reconsider and to change venue. These motions were granted and the case was transferred to this court. Now before this court are defendant's motion to dismiss for lack of subject matter jurisdiction and plaintiff's motions for sanctions and to strike portions of the defendant's reply brief.

## I. BACKGROUND FACTS

Plaintiff is a former special agent of the Bureau of Alcohol, Tobacco, and Firearms ("Bureau"). On August 24, 1987 and January 16, 1988, plaintiff filed complaints with the Equal Employment Opportunity Commission ("EEOC") concerning alleged sex discrimination in her workplace. These two complaints were consolidated for processing and hearing for the Bureau to make an initial finding. The Bureau issued a proposed disposition of no discrimination.

Prior to a hearing on the initial disposition, plaintiff was transferred from Detroit to Chicago. Plaintiff objected to the transfer and ultimately resigned from the Bureau. The EEOC then allowed plaintiff to file a second complaint alleging constructive discharge. The Bureau subsequently entered a final decision against plaintiff on June 20, 1990, finding that there was no discrimination.

At this stage in the administrative process, plaintiff had the choice of either filing suit in district court or petitioning for review of the Bureau's final decision by the Merit Systems Protection Board ("MSPB"). Plaintiff chose the latter and filed her appeal with the MSPB on July 13, 1990.

On October 11, 1990, the MSPB's administrative law judge made an initial ruling dismissing plaintiff's petition. Plaintiff then had the choice of appealing this decision for review by the full board of the MSPB by November 15, 1990. She also could have filed with the Court of Appeals for the Federal Circuit, the EEOC, or a district court within thirty days of November 15, 1990, the date when the initial decision would become final if she did not appeal it to the full MSPB.

Plaintiff decided to appeal her claim to the full board, but she filed this appeal on November 27, 1990, thereby missing the deadline by twelve days. The MSPB then gave the plaintiff an opportunity to show good cause for the lateness of the petition of appeal and granted an extension to December 10, 1990 for her to file a brief in support of her petition. Plaintiff's counsel filed such a

brief on December 14, 1990, four days late. On February 22, 1991, the MSPB ruled that plaintiff had not shown good cause for the November 27, 1990 untimely filing of the petition of appeal, thereby making the original decision of the administrative law judge final.

Plaintiff then had thirty days from the receipt of the notice of the final decision to petition the EEOC or file in district court. She was on notice of these rights from the initial decision of the MSPB which explained all of her rights of appeal in the event of a final decision against her. Plaintiff's attorney received the MSPB final decision on the timeliness issue on February 25, 1991. On April 1, 1991, more than thirty days after receiving notice of the final decision, plaintiff petitioned the EEOC. The EEOC denied consideration of the petition on August 21, 1991, ruling that plaintiff's petition was untimely. It informed plaintiff that she could no longer pursue any administrative appeals, but that she could file in district court within thirty days of receipt of the denial of consideration.

Plaintiff filed suit in district court in the District of Columbia on September 24, 1991, within thirty days of her receipt of notice from the EEOC. On November 19, 1991, the district court ordered the plaintiff to perfect service. When plaintiff failed to perfect service within the time specified, the district court dismissed the case. Subsequently, the district court granted plaintiff's motion to reconsider its dismissal order and then transferred the case to this court.

## II. TIME LIMITS FOR FILING ADMINISTRATIVE APPEALS

Following an initial decision of the MSPB, a complainant may file a petition for review by the full board. MSPB regulations require that the petition must be filed within thirty-five days of the initial decision. 5 C.F.R. § 1201.114(d). The MSPB will grant an extension of this time limit upon a showing of good cause. *Id.* § 1201.114(e).

Following a final decision of the MSPB, a complainant may file a petition of appeal with the EEOC. EEOC regulations require that

in order for the petition to be timely, it "must be filed with the Commission ... within thirty (30) days after receipt of notice of the final decision of the MSPB." 29 C.F.R. § 1613.-414(c).

## III. MOTION TO DISMISS

This case turns on whether plaintiff failed to exhaust her administrative remedies and, if so, whether plaintiff's action is thereby barred and thus should be dismissed. This court finds that plaintiff failed to exhaust her administrative remedies and as a result, her complaint should be dismissed.

### A. Exhaustion of Remedies

■ It is clear that plaintiff failed to exhaust her administrative remedies because her petition for review to the EEOC was untimely. Under EEOC regulations, plaintiff had thirty days after receipt of the notice of the MSPB's final decision to petition the EEOC for review. Plaintiff failed to meet the required deadline, and the EEOC found that plaintiff's petition was untimely and properly denied consideration.

Plaintiff argues that her failure to meet the required deadline should be excused because the MSPB ruling of February 22, 1991 did not fully notify her of her appeal rights as required by 29 C.F.R. § 1613.282. This regulation requires that "[a]n agency shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing in any final action on a complaint." *Id.* Plaintiff claims that the February 22, 1991 ruling of the MSPB constituted the final decision on her complaint and thus should have fully explained her rights of appeal. The February 22, 1991 failure to show good cause ruling only mentioned plaintiff's right to appeal that particular decision to the Court of Appeals for the Federal Circuit.

Plaintiff fails to point out, however, that she had already been fully notified of her appeal rights in the October 11, 1990 initial decision of the MSPB. This decision then became the final decision of the MSPB on November 15, 1990, when plaintiff failed to file a timely petition for review. In its February 22, 1991 order, the MSPB stated that

the "initial decision will remain the final decision of the Board with regard to the merits of the case."

The February 22, 1991 decision of the MSPB was merely a final order concerning its finding that plaintiff did not show good cause for her untimely petition. In the October 11, 1990 decision of the MSPB, which later became the final decision of the MSPB, plaintiff was informed that the final decision date was "important" because the "date on which the initial decision becomes final also controls when you can file a petition for review with the Equal Employment Opportunity Commission (EEOC) or with a federal court." The initial decision (later final decision) went on to explicitly detail her rights and the requirements for filing with a district court or the EEOC. Plaintiff was also represented by counsel during this entire period. By failing to file a timely petition with the EEOC, plaintiff failed to fully exhaust her administrative remedies.

█ Plaintiff is required to fully exhaust her administrative remedies before filing a Title VII claim in district court. *Brown v. General Services Administration*, 425 U.S. 820, 823–33, 96 S.Ct. 1961, 1963–68, 48 L.Ed.2d 402 (1976). Even if she did not exhaust her administrative remedies, plaintiff argues that the Sixth Circuit does not recognize exhaustion of remedies as a bar to suit based on that court's ruling in *Langford v. U.S. Army Corps of Engineers*, 839 F.2d 1192 (6th Cir.1988). In *Langford,* the court held that civilian employees of the army alleging age discrimination were not required to exhaust their administrative remedies before filing in district court.

The ruling in *Langford,* however, does not apply to this case. The *Langford* plaintiffs filed in federal court when their administrative proceedings were still ongoing. In this case, however, administrative proceedings had already ended because of plaintiff's failure to follow the required regulations of the EEOC. As another court has pointed out, "The court in *Langford* was not required to decide what effect the failure to comply with administrative time limits would have on a subsequent civil action." *Ivey v. Rice,* 759 F.Supp. 394, 400 (S.D.Ohio 1991), *aff'd,* 961

F.2d 1577 (6th Cir.1992). In *Ivey,* the district court dismissed an action for failure to notify the EEOC within required deadlines. The court argued that

if no sanction may be imposed for failure to comply with the administrative regulations, they would be rendered meaningless, thereby frustrating the goals of the administrative process. The unreasonableness of such a result indicates that the *Langford* holding should be confined to the circumstances in that case.

*Id.*

Other courts have come to similar conclusions. In *Johnson v. Bergland,* 614 F.2d 415, 417–18 (5th Cir.1980), the court stated that "administrative complaint procedures must be complied with" and that

if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the court should not reach the merits either. Otherwise the complainant might be dilatory in the administrative level, knowing that he can get into federal court anyway.

The purpose of the exhaustion of administrative remedies doctrine "is to permit an administrative agency to apply its special expertise in interpreting relevant statutes and in developing a factual record without premature judicial intervention." *Southern Ohio Coal Co. v. Donovan,* 774 F.2d 693, 701 (6th Cir.1985). "The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, the preferred means for resolving employment discrimination disputes." *Parsons v. Yellow Freight Systems, Inc.,* 741 F.2d 871, 873 (6th Cir.1984).

Plaintiff's untimely filing with the EEOC constituted a failure to exhaust her administrative remedies. The cases discussed above indicate that plaintiff's action should be barred because of this failure.

### B. Exhaustion of Remedies as Bar to Plaintiff's Action

█ Plaintiff argues that failure to exhaust administrative remedies is not a juris-

dictional bar, but rather is merely a condition precedent to action in a district court. As such, defendant's motion to dismiss for lack of subject matter jurisdiction should be denied. Plaintiff relies on *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), where the Court ruled that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." The Court said that such procedural requirements were subject to waiver, estoppel, and equitable tolling. *Id.* at 393, 102 S.Ct. at 1132. *Zipes*, however, was later qualified in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), where the Court stated that "[procedural] requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 152, 104 S.Ct. at 1726.

Plaintiff further relies on *Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir.1987), where the Sixth Circuit held that a failure to comply with administrative regulations requiring EEOC counseling was not a jurisdictional issue. In *Boddy*, the plaintiff failed to bring his complaint to the attention of an EEOC counselor within the thirty day period required by EEOC regulations. Plaintiff analogizes this case to *Boddy* and *Zipes*, and therefore argues that her suit is not jurisdictionally barred.

Defendant argues that plaintiff's failure to exhaust administrative remedies is a jurisdictional bar to her action. Defendant claims that *Zipes* does not apply to this case because *Zipes* involved a plaintiff's failure to file a complaint with the EEOC within thirty days of the discriminatory event. Defendant argues that this case can be distinguished from *Zipes* because this plaintiff had met the original thirty day requirement for filing with the EEOC, but then later failed to exhaust her administrative remedies due to untimely filings with the MSPB and the EEOC. Defendant argues that *Zipes* is limited to cases involving the initial filing of a complaint with the EEOC and not to later proceedings.

This court finds that the failure to exhaust administrative remedies in this case is not a bar to jurisdiction, but is a condition precedent to plaintiff's case. The Sixth Circuit provides strong guidance in this area. It stated that "[o]ur decision that the 30–day requirement is not jurisdictional is consistent with previous decisions of this court that time requirements in statutes designed to eliminate unlawful discrimination in employment are not jurisdictional." *Boddy*, 821 F.2d at 350. The Sixth Circuit paid particular attention to the fact that the time provision in *Boddy* appeared only in the regulations and not as a statutory provision. *Id.* This case is similar in that plaintiff's failures to meet filing deadlines were also violations of regulations. The Sixth Circuit also asserted that treating an administrative requirement as jurisdictional is inappropriate in Title VII actions which usually involve laymen, unassisted by attorneys. *Id.* (citing *Zipes*, 455 U.S. at 397, 102 S.Ct. at 1134; *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

■ Even though failure to exhaust administrative remedies is not a jurisdictional bar, it is still a condition precedent to an action in this court. *Brown*, 425 U.S. at 832, 96 S.Ct. at 1967. This failure should be treated " 'like a statute of limitations' that is subject to waiver, estoppel, and equitable tolling." *Boddy*, 821 F.2d at 350 (quoting *Zipes*, 455 U.S. at 393, 102 S.Ct. at 1132). This court finds that plaintiff does not present a sufficient equitable explanation for her failure to exhaust the administrative remedies. Defendant has not waived the exhaustion requirement as is evidenced by its preliminary motion. Furthermore, plaintiff in no way tolled the requirements of the EEOC regulations.

Plaintiff's only explanation is that the February 22, 1991 ruling of the MSPB failed to adequately notify her of her appeal rights. As has already been discussed, plaintiff was well aware of her appeal rights. She was fully notified of them in the initial decision that later became the final decision of the MSPB on the merits of her case as required by 29 C.F.R. § 1613.282.

It is clear that plaintiff has repeatedly and without good cause failed to act diligently as required by the various administrative regu-

lations before both the EEOC and the MSPB. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, 466 U.S. at 151, 104 S.Ct. at 1726. At each stage plaintiff was represented by counsel and has failed to show good cause for each failure to meet the required deadlines. The fact that plaintiff was represented by counsel throughout also denies plaintiff the opportunity to claim that she was merely a lay complainant confused by the various administrative proceedings. This court construes defendant's motion to dismiss under Rule 12(b)(1) as a motion to dismiss under Rule 12(b)(6). In her complaint, plaintiff did not, and could not, allege that she satisfied the condition precedent of exhausting her administrative remedies by meeting the EEOC deadline required by 29 C.F.R. § 1613.414(c). As a result, plaintiff's case is dismissed as an action that fails to state a claim upon which relief can be granted.

## IV. MOTION TO STRIKE AND MOTION FOR SANCTIONS

Given the fact that this court has granted defendant's motion to dismiss, plaintiff's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure based on the alleged deficiencies in defendant's arguments is denied. The motion to strike a portion of the defendant's reply brief is also denied.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss is **GRANTED,** and plaintiff's motions to strike and for sanctions are **DENIED.**

**SO ORDERED.**